Glen A. STURDEVANT, Plaintiff and Appellee,

v.

SAE WAREHOUSE, INC., a North Dakota Corporation, Richard Sturdevant, James Sturdevant, Terry Sturdevant, individually and as Executors of the Estate of Virgil Sturdevant, deceased, and Trustees of the "Lucylle Trust" and "Residuary Trust" of the Virgil Sturdevant Estate, Defendants and Appellees,

v.

Robert STURDEVANT, Intervening Defendant and Appellant.

Glen A. STURDEVANT, Plaintiff and Appellee,

v.

STURDEVANT'S AUTO PARTS, INC. OF OAKES, a North Dakota Corporation, Richard Sturdevant, James Sturdevant and Terry Sturdevant, individually and as Executors of the Estate of Virgil Sturdevant, deceased, and Trustees of the "Lucylle Trust" and "Residuary Trust" of the Virgil Sturdevant Estate, Defendants and Appellees,

v.

Robert STURDEVANT, Intervening Defendant and Appellant.

Glen A. STURDEVANT, Plaintiff and Appellee,

v.

Richard STURDEVANT, James Sturdevant and Terry Sturdevant, individually and as Executors of the Estate of Virgil Sturdevant, deceased, and Trustees of the "Lucylle Trust" and "Residuary Trust" of the Virgil Sturdevant Estate, Defendants and Appellees,

v.

Robert STURDEVANT, Intervening Defendant and Appellant.

Civ. Nos. 9432–A to 9432–C.

Supreme Court of North Dakota.

Oct. 7, 1981.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendants and appellees James Sturdevant and Terry Sturdevant, individually; argued by C. Nicholas Vogel, Fargo.

Thysell, Gjevre, McLarnan, Hannaher, Vaa & Skatvold, Moorhead, Minn., and Roderic E. Schuster, Fargo, for intervening defendant and appellant Robert Sturdevant; argued by Galen J. Vaa, Moorhead, Minn.

Johnson, Milloy, Johnson & Stokes, Wahpeton, for defendants and appellees SAE, James Sturdevant, and Terry Sturdevant as Executors of the Estate of Virgil Sturdevant, deceased, and Trustees of the "Lucylle Trust" and "Residuary Trust" of the Virgil Sturdevant Estate.

Odell M. Astrup, Fargo, for defendant and appellee Richard Sturdevant.

ERICKSTAD, Chief Justice.

This is an appeal by the intervening defendant, Robert Sturdevant, from an order of the District Court of Richland County, dated October 18, 1980, denying Robert's motion under Rule 60(b), N.D.R.Civ.P., to vacate the court's May 8, 1979, order. We affirm.

This matter is a continuation of protracted litigation arising after the death of Virgil Sturdevant regarding the settlement of his estate and the ownership interests of certain properties and businesses among the litigants. A recitation of facts pertaining to this litigation can be found in *Sturdevant v. SAE Warehouse, Inc.*, 270 N.W.2d 794 (N.D.1978), and only those facts necessary to an understanding of this appeal will be reiterated in this opinion.

During August, 1971, Richard, James, and Terry Sturdevant, trustees of the residuary trust established by Virgil Sturdevant's will, purchased all of Virgil's stock in SAE Warehouse, Inc., from Virgil's estate. In *SAE Warehouse, supra*, this Court upheld the district court's determination that the trustees must convey to the residuary trust all of the SAE Warehouse, Inc., stock purchased by them from the estate. On April 5, 1979, subsequent to this Court's decision in *SAE Warehouse, supra*, the trustees of the residuary trust, Glen Sturdevant, and James and Terry Sturdevant, acting individually, entered an agreement in an attempt to settle all litigation among them. As part of this settlement, Glen agreed to sell all of his stock in SAE Warehouse, Inc., for an "updated book value", and, in turn, it was agreed that James and Terry would not be required to convey their stock in SAE Warehouse, Inc., to the residuary trust. Robert was not a party to the settlement agreement, and he subsequently brought a motion before the district court requesting it to find James and Terry in contempt of court for failing to convey their SAE Warehouse, Inc., stock to the residuary trust. The district court entered an order, dated May 8, 1979, denying Robert's request that Terry and James be held in contempt. However, the court also ordered that James and Terry pay to the residuary trust for distribution to Robert, as a beneficiary of the trust, an amount which would give Robert the fair market value for his share of the SAE Warehouse, Inc., stock which, but for the settlement agreement, James and Terry would have been required to convey to the residuary trust. The court determined that as a beneficiary of the residuary trust Robert had an interest in 5.28 shares of SAE Warehouse, Inc., stock and that, pursuant to an independent appraisal ordered by the court from Charles Bailly and Company, the fair market value of the stock was $581.37 per share. There was no appeal by Robert or any other party from the court's order of May 8, 1979.

Robert subsequently filed a motion requesting the district court to vacate its May 8, 1979, order under Rule 60(b)(ii), and (iii), N.D.R.Civ.P., which provides in relevant part:

"*Mistakes—Inadvertence—Excusable neglect—Newly discovered evidence—Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: . . . (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . "

In support of his motion to vacate, Robert introduced evidence that subsequent to the May 8, 1979, order Glen sold his SAE Warehouse, Inc., stock to James and Terry for $1,427.78 per share and that during April and May of 1979, the period in which the district court was attempting to determine the fair market value of Robert's interest in SAE Warehouse, Inc., negotiations for such sale were being conducted among Glen, Terry, and James. Robert asserts that this evidence constitutes newly discovered evidence of the fair market value of the SAE Warehouse, Inc., stock. He also asserts that such evidence demonstrates that although Glen, Terry, and James knew the fair market value of the stock was greater than that indicated by the Bailly appraisal they fraudulently failed to inform the court of their knowledge.

In refusing to vacate its May 8, 1979, order the district court determined that

Robert had not produced newly discovered evidence or evidence of fraud which was relevant to the court's previous determination of the fair market value of the SAE Warehouse, Inc., stock or which would justify the vacating of its order under Rule 60(b), N.D.R.Civ.P.

This court will not set aside a trial court's denial of a motion to vacate or amend an order under Rule 60(b), N.D.R. Civ.P., unless the trial court has abused its discretion in refusing to disturb its order. *State Bank of Towner, Inc. v. Rauh*, 288 N.W.2d 299 (N.D.1980); *Small v. Burleigh County*, 239 N.W.2d 823 (N.D.1976). An appeal from a trial court's refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought. *Rauh, supra; Schnell v. Schnell*, 252 N.W.2d 14 (N.D.1977). The district court's order of May 8, 1979, approving the April 5, 1979, settlement agreement and compensating Robert for the fair market value of his interest in the SAE Warehouse, Inc., stock was not appealed. Consequently, this appeal does not and cannot challenge the correctness of the May 8, 1979, order. The sole issue before this Court is whether or not the trial court abused its discretion in determining that Robert failed to produce newly discovered evidence or evidence of fraud which would warrant a vacating of its May 8, 1979, order under Rule 60(b), N.D.R. Civ.P.

The district court concluded that Robert's evidence of Glen's sale of SAE Warehouse, Inc., stock for $1,427.78 per share did not have probative value regarding the fair market value of Robert's interest in SAE Warehouse, Inc. In support of the court's conclusion there is evidence in the record which shows: (1) that at the time of the court's determination the parties were still negotiating the sale of Glen's stock and had not set a definite fair market value for the stock; (2) that Glen owned 189 shares or 43% of the SAE Warehouse, Inc., stock while Robert owned a small minority interest of 5.28 shares or approxi-

mately 1% of the stock; and (3) that the sale of Glen's stock to James and Terry for a price of $1,427.78 per share was in consideration of many factors involving the relationship of and the litigation among those parties.

The district court also concluded that the evidence introduced by Robert did not constitute newly discovered evidence under Rule 60(b), N.D.R.Civ.P., because it was available to Robert through appropriate discovery processes during April and May of 1979. In his appellate brief, Robert asserts that it would have been impossible for him to make an evaluation of the true value of the SAE Warehouse, Inc., stock "in light of the pending order of the trial court which refused Robert Sturdevant access to the books and records of SAE Warehouse." Robert refers this Court to an order of the district court marked Exhibit 14 of the Appellant's Appendix; but that order, on its face, does not purport to deny Robert access to the books or records of SAE Warehouse, Inc. The district court, in its memorandum opinion dated September 20, 1980, states:

"As previously stated, I ordered an independent appraisal of the Sturdevant businesses to be made. Such an appraisal was completed and the result thereof were introduced at the May 1, 1979 hearing. Robert did not question the appraisal figures. Had he desired an independent appraisal of his own, the Court would have permitted him to get one."

Upon reviewing the record before us, we have found no evidence which indicates that Robert was precluded from obtaining evidence of the fair market value of the SAE Warehouse, Inc., stock or of the negotiations involving the sale of Glen's stock during April and May of 1979.

The district court further concluded that Robert failed to introduce any evidence of fraud which would justify a vacating of the May 8, 1979, order. Robert does not contend that Glen, James, or Terry Sturdevant introduced false or fraudulent evidence, but he asserts that they withheld evidence reflecting upon the fair market value of the SAE Warehouse, Inc., stock. There is no

evidence, however, that Glen, James, or Terry Sturdevant possessed information relevant to the fair market value of the stock which they would have had a duty to disclose. Nor is there evidence that Glen, James, or Terry Sturdevant possessed any information relevant to the fair market value of the SAE Warehouse, Inc., stock which was not also available to Robert, through discovery processes.

Upon reviewing the record before us, we conclude that the district court did not abuse its discretion in concluding that Robert has failed to produce newly discovered evidence or evidence of fraud which would justify the vacating of the May 8, 1979, order compensating Robert for his interest share in SAE Warehouse, Inc., at the rate of $581.57 per share of stock. Accordingly, the district court's order of October 18, 1980, denying Robert's motion to vacate the May 8, 1979, order is hereby affirmed.

SAND, PEDERSON and VANDE WALLE, JJ., and BERNING, District Judge, concur.

BERNING, D. J., sitting in place of PAULSON, J., disqualified.