2014 ND 127

**Gayla M. MEIER, Plaintiff and Appellee**

v.

**David M. MEIER, Defendant and Appellant.**

**No. 20130353.**

Supreme Court of North Dakota.

June 24, 2014.

Michael S. McIntee, Towner, N.D., for plaintiff and appellee.

Michael P. Hurly, Devils Lake, N.D., for defendant and appellant.

McEVERS, Justice.

[¶ 1] David Meier appeals from an amended divorce judgment awarding Gayla Meier a share of his Tier II railroad retirement benefits. We conclude the district court abused its discretion in granting Gayla Meier's N.D.R.Civ.P. 60(b)(6) motion for relief from the divorce judgment because, as a matter of law, the motion was not made within a reasonable time. We reverse the amended judgment.

I

[¶ 2] David and Gayla Meier divorced in January 2005 after 27 years of marriage. The parties, each represented by an attorney, entered into a written settlement agreement which was incorporated into the divorce judgment. Under the agreement, David Meier agreed to pay Gayla Meier $60,000 "to equalize the distribution of the marital assets" and Gayla Meier also received her own retirement account. David Meier had been employed with BNSF Railway Company since 1974, but his railroad retirement benefits were not mentioned in the agreement or the

resulting judgment. The attorneys for the parties, however, had discussed those benefits during negotiations leading to the settlement agreement. In a November 4, 2004 letter, Gayla Meier's attorney questioned David Meier's attorney:

I am just wondering how you and your client are justifying an offer of $50,000 when his railroad retirement is over $800,000? I don't want to be difficult, Mark, but I would just like to know how you figure that that is a fair trade. If we are going to try to get this settled, that retirement account has to be figured into the equation.

Are you thinking of a QDRO [qualified domestic relations order] which gives her one-half of his retirement?

David Meier's attorney, who is now deceased, answered in a November 8, 2004 letter:

It seems that the biggest misunderstanding is your assumption that David's retirement is over $800,000.00. I'm enclosing a copy of the statement that I sent you earlier. The figure of $861,493.18 that you refer to is the total earnings that David received while working for the railroad. The compensation under this retirement program has *no* cash value at this point. David cannot neither change, modify, or withdraw from this account until he reaches retirement age. When he retires, Gayla will receive one-half of the pension and therefore they will both get equal amounts. This again has no factor in the divorce. Please check the Railroad Retirement Board for the accuracy of my statements if you doubt them. I do remember that your uncle was a life long railroad employee and if he still lives, I know he can verify this statement.

[¶ 3] Gayla Meier did not contact the Railroad Retirement Board and the di-

vorce judgment incorporating the settlement agreement was entered on January 4, 2005. Within one year after entry of judgment, Gayla Meier received from her attorney documents from the Railroad Retirement Board that he had received from David Meier's attorney. Those documents, dated November 16, 2004, explained the need for a QDRO and a court-ordered division of a railroad employee's Tier II benefits in the case of divorce. The documents included a "model paragraph for a decree which complies with the Board's regulations and which awards to each spouse an equal share of divisible benefits proportionate to the period of the marriage." Gayla Meier did not read these documents.

[¶ 4] In April 2013, Gayla Meier moved under N.D.R.Civ.P. 60(b)(6) to correct the divorce judgment, claiming David Meier's Tier II retirement benefits were not addressed in the settlement agreement because David Meier's attorney misrepresented that she would automatically receive one-half of the pension and the pension " 'has no factor in the divorce.' " At the September 9, 2013 evidentiary hearing on the motion, Gayla Meier testified that "[j]ust within the last ten months or so" she learned through her employment of the need for a QDRO to obtain a share of an ex-spouse's Tier II retirement benefits. The district court granted the motion to correct the judgment, concluding the motion "was filed in a timely manner" and the "Tier II benefits were a marital asset which were not properly addressed by the Stipulation and Judgment at the time of divorce." The court ordered that a QDRO "be prepared for the Railroad Retirement Board to properly transfer the appropriate funds from David Meier to Gayla Meier of his Tier II benefits accumulated during the years of marriage." An amended divorce judgment was entered on September

30, 2013. David Meier moved for a new trial based on newly discovered evidence, but the court denied his motion in an order dated October 23, 2013.

## II

[¶ 5] Contrary to David Meier's assertion, he has not appealed from the order denying the motion for a new trial. His notice of appeal states that he appeals "from the Amended Judgment entered on September 30, 2013." Consequently, David Meier cannot challenge in this appeal the district court's denial of his motion for a new trial. *See State ex rel. North Dakota Dep't of Labor v. Riemers,* 2008 ND 191, ¶ 14, 757 N.W.2d 50, *overruled on other grounds by Burgard v. Burgard,* 2013 ND 27, 827 N.W.2d 1; *Dvorak v. Dvorak,* 2007 ND 79, ¶¶ 9–10, 732 N.W.2d 698.

## III

[¶ 6] David Meier argues the district court abused its discretion in granting Gayla Meier's motion for relief from the divorce judgment under N.D.R.Civ.P. 60(b)(6).

[¶ 7] Rule 60(b)(6), N.D.R.Civ. P., is a "catch-all" provision that allows a district court to grant relief from a judgment for "any other reason that justifies relief." *Olander Contracting Co. v. Gail Wachter Invs.,* 2003 ND 100, ¶ 9, 663 N.W.2d 204. In *Bellefeuille v. Bellefeuille,* 2001 ND 192, ¶ 15, 636 N.W.2d 195, this Court explained:

> Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and accordingly ... should be invoked only when extraordinary circumstances are present." *Kopp v. Kopp,* 2001 ND 41, ¶ 9, 622 N.W.2d 726. Thus, such motions "must be made within a reason-

able time." *Id.* at ¶ 7. "What constitutes a reasonable time varies from case to case and must be determined in each instance from the facts before the court." *Avco Financial Services v. Schroeder,* 318 N.W.2d 910, 912 (N.D. 1982).

"Nonetheless, a Rule 60(b) motion 'is not to be used to relieve a party from free, calculated, and deliberate choices,' and '[a] party remains under a duty to take legal steps to protect his own interests.'" *Kukla v. Kukla,* 2013 ND 192, ¶ 25, 838 N.W.2d 434 (quoting *Follman v. Upper Valley Special Educ. Unit,* 2000 ND 72, ¶ 11, 609 N.W.2d 90). A court is vested with discretion in ruling on a motion for relief from a judgment under N.D.R.Civ.P. 60(b)(6), and the court's decision will not be reversed on appeal absent an abuse of discretion. *See, e.g., Silbernagel v. Silbernagel,* 2011 ND 140, ¶ 12, 800 N.W.2d 320. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Rebel v. Rebel,* 2013 ND 164, ¶ 13, 837 N.W.2d 351. The dispositive issue in this case is whether Gayla Meier's motion was made within a reasonable time.

[¶ 8] *Kukla,* 2013 ND 192, 838 N.W.2d 434, is instructive. In that case, a former spouse brought a motion for relief from judgment eight years after the divorce judgment was entered. *Id.* at ¶ 5. She claimed the district court failed to address mineral acres in the divorce judgment and to award her an undivided one-half interest under the parties' settlement agreement. *Id.* This Court reversed the district court's grant of the motion because the motion was not made within a reasonable time. *Id.* at ¶¶ 26, 30. The former spouse had tried to correct the omission with her

attorney, but the attorney assured her the minerals would be retained even though they were not mentioned. *Id.* at ¶ 27. She had also tried to raise the issue with her ex-husband and his attorney, and tried to locate the court reporter to request a transcript but was unable to determine to whom the request should be sent. *Id.* This Court ruled as a matter of law "there is no evidence supporting the district court's conclusion that [the former spouse] did what she could do to correct the error in a timely fashion." *Id.* at ¶ 29. This Court noted, "[o]ther than her asserted 18 months in attempting to locate the court reporter and her reliance on her attorney's advice, [the former spouse] has not put forth evidence demonstrating why she was prevented or precluded from filing her motion for relief for eight years." *Id.*

[¶ 9] The record in this case also contains no evidence that Gayla Meier did all that she could do to correct the alleged error in a timely fashion. Documents from the Railroad Retirement Board dated November 16, 2004, explaining the need for a QDRO and a court-ordered division of a railroad employee's retirement benefits in the case of divorce were sent to Gayla Meier by her attorney after he had received them from David Meier's attorney. Gayla Meier testified she received the documents after the divorce judgment was entered and apparently within relatively close proximity to the divorce proceedings. However, she further testified that she did not read the documents. Not only is a person "presumed to know the law," *Bellefeuille*, 2001 ND 192, ¶ 16, 636 N.W.2d 195, but both Gayla Meier and her attorney had the necessary information in their hands shortly after the divorce proceedings were finalized and did nothing for almost eight years. She did not diligently protect her own interests during this time period. We conclude as a matter of law

Gayla Meier did not make her motion within a reasonable time.

### IV

[¶ 10] The district court abused its discretion in granting Gayla Meier relief from the divorce judgment because, as a matter of law, her motion was not made within a reasonable time. The amended divorce judgment is reversed.

[¶ 11] GERALD W. VANDEWALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.