2014 ND 169

**S.L.W., Petitioner**

v.

**Robert E. HUSS, Respondent
and Appellant.**

No. 20130425.

Supreme Court of North Dakota.

Aug. 28, 2014.

S.L.W., petitioner; no appearance.

Rodney E. Pagel, Bismarck, N.D., for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Robert E. Huss appealed from a domestic violence protection order prohibiting him from contacting S.L.W., a minor child, for a period of two years. Because the district court abused its discretion in admitting the child's hearsay statements about sexual abuse, which constitute the only evidence supporting issuance of the protection order, we reverse.

I

[¶ 2] In November 2013, S.L.W.'s mother petitioned the district court for a domestic violence protection order against Huss on S.L.W.'s behalf, alleging Huss had

sexually abused S.L.W. S.L.W. was nine years old and her mother and Huss were married, but were in the process of divorcing.

[¶ 3] At the beginning of the hearing on the protection order, the mother, who was self-represented, informed the district court "my daughter is here if you would like to speak to her?" The judge responded, "No I wouldn't. I don't think that's necessary.... I'm not going to get her involved in that." The mother rested her case on what she had filed with the court, the petition and a letter from Dakota Children's Advocacy Center. The mother alleged in the petition:

> October 21st 2013 my 9 year old daughter [S.L.W.] told me that Rob had touched her "potty and kissed her boobies." She told me that this had happened about 10 times, starting in March 2013. I reported this to the Sheriff's Dept. and on Thursday October 24th 2013, [S.L.W.] and I went to the Childrens' Advocacy Center in Bismarck, where [S.L.W.] was examined and disclosed details of the assults [sic].
>
> Since the divorce action, [S.L.W.] has told me that Rob said to her, "not to tell anyone or he would go to jail." He has also told [S.L.W.] that if she said anything to me about what the two of them had talked about that I, her mother would go to jail.
>
> For reasons stated above, I am asking for a protection order to be placed on behalf of my daughter [S.L.W.].

[¶ 4] The letter from the Dakota Children's Advocacy Center was dated October 25, 2013, and was signed by a "Family Advocate/Therapist Intern":

> Thank you for bringing [S.L.W.] in to visit with us. She did a great job! I am contacting you to see if you have any questions about the investigation, counseling, billing, or if you have any other questions or concerns. If so, please do not hesitate to call me at [phone number]. I am also enclosing a survey about your experience with our agency. Please help us better help families and children by filling it out and sending it back in the prepaid envelope. Thanks again for providing support for [S.L.W.] during this time.

[¶ 5] After Huss objected on hearsay grounds and moved for dismissal, the district court examined exceptions to the hearsay rule and eventually focused on the exception for a child's statement about sexual abuse under N.D.R.Ev. 803(24). Huss agreed to not bifurcate the proceedings as called for in the rule, and the mother testified S.L.W. was nine years old, made the allegations at the mother's daycare, and "started to cry" when making the allegations. The court issued the protection order, ruling:

> [A]s I have indicated, although the child is available and could testify, I'm not going to subject her to that. So they— so she's therefore unavailable as a witness. And there is some corroborating evidence. Just that the fact that she was at the advocacy center and they indicate in there that she did a great job. You know, whether—so, again she has at least once again told the same story and whether it's truthful or not, I guess I can't say that but at least it's—it does say—it does seem to be a trustworthy thing. I am going to find that there has been domestic violence against the child.

[¶ 6] The district court issued the protection order prohibiting Huss for a period of two years from contacting S.L.W., coming within 150 feet of her home, and coming within 50 feet of her daycare and school.

## II

[¶ 7] Huss argues the district court erred in granting the petition for a domestic violence protection order because it was based entirely on inadmissible hearsay evidence.

[¶ 8] Proceedings for domestic violence protection orders are civil actions for injunctive relief. *See Hanneman v. Nygaard*, 2010 ND 113, ¶ 16, 784 N.W.2d 117. A district court's finding of domestic violence to support a protection order is a finding of fact that will not be overturned on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Niska v. Falconer*, 2012 ND 245, ¶ 10, 824 N.W.2d 778. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.* A district court's admission of evidence is reviewed for an abuse of discretion. *Estate of Vestre*, 2011 ND 144, ¶ 11, 799 N.W.2d 379. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Meier v. Meier*, 2014 ND 127, ¶ 7, 848 N.W.2d 253.

[¶ 9] Under N.D.R.Ev. 801(c)(2), hearsay is "a statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement." The petition for the protection order in this case contains the mother's recitation of what S.L.W. allegedly told her about Huss's sexual abuse, and because it was used to prove that the sexual abuse occurred, the statements in the petition constitute hearsay. Rule 802, N.D.R.Ev., generally provides that hearsay is inadmissible, except as provided by rules or statutes.

[¶ 10] Rule 803(24), N.D.R.Ev., provides an exception to the hearsay rule for:

*Child's statement about sexual abuse.* A statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child if:

(A) the trial court finds, after hearing on notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and

(B) the child either:

(i) testifies at the trial; or

(ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

[¶ 11] The nonexclusive factors to be considered for N.D.R.Ev. 803(24) trustworthiness include spontaneity and consistent repetition of the statements, the mental state of the declarant, use of terminology unexpected of a child of similar age, and a lack of motive to fabricate. *See, e.g., State v. Muhle*, 2007 ND 131, ¶ 12, 737 N.W.2d 636. Notwithstanding our standard of review of findings of fact, a district court must make explicit findings about the evidence it relied upon regarding these factors and explain its reasons for either admitting or excluding the testimony so the defendant is assured the required appraisal has been made, and so this Court can properly perform its appellate review function. *See State v. Hirschkorn*, 2002 ND 36, ¶ 13, 640 N.W.2d 439, *overruled on other grounds, State v. Blue*, 2006 ND 134, ¶ 21, 717 N.W.2d 558. Not only must the court make explicit findings on the trustworthiness factors, but the court must make explicit findings as to what evidence it relied upon for corroboration. *See State v. Reed*, 173 Or.App. 185, 21 P.3d 137, 142 (2001). Even if there is evidence in the record supporting admissibility, explicit

findings are required because "it is by no means apparent or self-evident that admissibility is the only proper choice." *State v. Krull*, 2005 ND 63, ¶ 9, 693 N.W.2d 631.

[¶ 12] Huss conceded on appeal that S.L.W. was unavailable as a witness for purposes of N.D.R.Ev. 803(24). Although unavailability is not an issue on appeal, we caution district courts to refrain from adopting a per se rule of unavailability for older children. In a criminal context we have said "when testimonial statements are at issue, the constitutional right to confrontation cannot be superseded by reliability and trustworthiness." *Blue*, 2006 ND 134, ¶ 21, 717 N.W.2d 558; *see also Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). While the right to confront witnesses is not a constitutional right in civil cases, procedures that limit confrontation used in civil cases may raise significant due process questions. *See Ryan v. Flemming*, 533 N.W.2d 920, 922 (N.D.1995); *Muraskin v. Muraskin*, 336 N.W.2d 332, 335 n. 2 (N.D.1983). A court should not find an older child "unavailable" as a witness in the absence of expert evidence that it would be detrimental for the child to testify, or a determination after a personal interview that the child cannot testify because of age or mental and emotional instability. *See* C. Vento, Annot., *Validity, construction, and application of child hearsay statutes*, 71 A.L.R.5th 637 § 8 (1999), and cases collected therein.

[¶ 13] Under N.D.R.Ev. 803(24)(B)(ii), if a child is unavailable as a witness, there must be "corroborative evidence of the act which is the subject of the statement," in addition to guarantees of trustworthiness, for the statement to be admissible in a civil proceeding. "[C]orroborating evidence" is "[e]vidence that differs from but strengthens or confirms what other evidence shows." *Black's Law Dictionary* 674 (10th ed.2014). The existence of corroborating evidence is a question of law, but its weight is for the trier of fact. *See State v. Esparza*, 1998 ND 13, ¶ 6, 575 N.W.2d 203.

[¶ 14] The district court determined the child's statements about sexual abuse were corroborated by the comment made in the letter by the intern from Dakota Children's Advocacy Center that S.L.W. "did a great job!" While this ambiguous statement might corroborate that S.L.W. spoke with staff at the Advocacy Center, it does not corroborate "the act which is the subject of the statement." N.D.R.Ev. 803(24)(B)(ii). Because the requirements of the child hearsay rule were not established, we conclude the court abused its discretion in allowing into evidence S.L.W.'s hearsay statements. Furthermore, because the domestic violence protection order was based entirely on this inadmissible evidence, the order must be reversed.

### III

[¶ 15] It is unnecessary to address other arguments raised because they are unnecessary to the decision. The order is reversed.

[¶ 16] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.