2015 ND 269

**Kim ANDERSON, Plaintiff and Appellee**

v.

**Biron BAKER, Defendant and Appellant**

and

**State of North Dakota, Statutory Real Party in Interest.**

No. 20150049.

Supreme Court of North Dakota.

Dec. 1, 2015.

Daniel J. Nagle (argued) and Todd D. Kranda (on brief), Mandan, N.D., for plaintiff and appellee.

Scott A. Hager, Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Biron Baker appealed from a district court order denying his motion for reconsideration following an earlier order that held Baker in contempt of court for failing to reimburse Kim Anderson for their child's medical expenses and awarding Anderson attorney's fees. We affirm, concluding the court did not abuse its discretion in denying Baker's motion.

I

[¶ 2] Anderson and Baker have a child together, born in 2010. Under a stipulated judgment entered in June 2011, Baker was required to provide health insurance for the child or reimburse Anderson for her monthly costs to provide health insurance for the child. Baker was also required to reimburse Anderson for 50 percent of any medical expenses not covered by insurance within 30 days of a reimbursement request from Anderson.

[¶ 3] In July 2013, Anderson requested Baker to reimburse her for the child's monthly health insurance costs and 50 percent of the uncovered medical expenses Anderson incurred since entry of the judgment. In January 2014, Anderson filed a contempt motion, alleging that since entry of the judgment, Baker had not reimbursed her for the child's monthly health insurance costs and 50 percent of the uncovered medical expenses as required under the judgment. In February 2014, Baker reimbursed Anderson for the uncovered medical expenses and a portion of the monthly health insurance costs.

[¶ 4] After a hearing, the district court issued an order holding Baker in contempt of court for violating the terms of the judgment by not timely reimbursing Anderson for the child's health insurance and his share of the uncovered medical expenses. The court ordered a money judgment in favor of Anderson and also awarded Anderson $1,750 in attorney's fees.

[¶ 5] Baker subsequently filed a motion seeking relief under N.D.R.Civ.P. 60, requesting the district court to reconsider its earlier order holding him in contempt of court. A new judge was assigned, and Baker's motion was denied.

II

[¶ 6] Baker argues the district court erred in failing to reconsider and reverse its order holding Baker in contempt of court and awarding attorney's fees to Anderson.

[¶ 7] On appeal from a district court's denial of a motion for relief from a

final judgment or order under N.D.R.Civ.P. 60(b), a party must show the district court abused its discretion. *Shull v. Walcker*, 2009 ND 142, ¶ 13, 770 N.W.2d 274. A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law. *Hartleib v. Simes*, 2009 ND 205, ¶ 15, 776 N.W.2d 217. An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion. *Shull*, at ¶ 13.

[¶ 8] Baker appealed from the district court's order denying his motion for reconsideration; he did not appeal from the earlier order holding him in contempt of court. "An appeal from a trial court's refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought." *Sturdevant v. SAE Warehouse, Inc.*, 310 N.W.2d 749, 752 (N.D.1981). Because the order holding Baker in contempt was not appealed, Baker cannot challenge whether that order was appropriate. The sole issue before this Court is whether the district court abused its discretion in denying Baker's motion for reconsideration under N.D.R.Civ.P. 60(b).

[¶ 9] Baker brought his motion for reconsideration under N.D.R.Civ.P. 60. Rule 60(b), N.D.R.Civ.P., provides six grounds for relief from a final order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

[¶ 10] Baker's motion for reconsideration failed to specify any grounds for relief under N.D.R.Civ.P. 60(b), such as mistake, new evidence, or fraud. For purposes of this appeal, we assume Baker moved for relief under N.D.R.Civ.P. 60(b)(6), "a 'catch-all' provision that allows a district court to grant relief from a judgment for 'any other reason that justifies relief.'" *Meier v. Meier*, 2014 ND 127, ¶ 7, 848 N.W.2d 253. Regarding a request for relief under N.D.R.Civ.P. 60(b)(6), this Court has stated that "something more extraordinary justifying relief from the operation of the judgment or order must be present, if subsection (6) alone is relied upon." *Bettger v. Bettger*, 280 N.W.2d 915, 919 (N.D.1979); *see also Shull*, 2009 ND 142, ¶ 14, 770 N.W.2d 274 ("The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances.").

[¶ 11] Although Baker appealed from the district court's denial of his motion for reconsideration, his brief does not contain any supportive arguments explaining how the court abused its discretion in denying his motion. He does not argue there were extraordinary or exceptional circumstances entitling him to relief from the order holding him in contempt. Rather, he argues the court abused its discretion in holding

him in contempt and awarding attorney's fees to Anderson. Baker has not appealed the order holding him in contempt and cannot challenge that order. After reviewing the record, we conclude Baker has not met his burden of showing he was entitled to relief under N.D.R.Civ.P. 60(b). We conclude the court did not abuse its discretion in denying Baker's motion for reconsideration.

## III

[¶ 12] Anderson requests attorney's fees under N.D.R.App.P. 38, claiming Baker's appeal is frivolous. We decline to award Anderson attorney's fees on appeal. The order denying Baker's motion for reconsideration is affirmed.

[¶ 13] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.