Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 23

Bruce Allen Kautzman, 

J.B.K., and B.M.K., Petitioners

v.

Brenda Lou Doll, Respondent and Appellant

No. 20170232

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Bruce Allen Kautzman, J.B.K., and B.M.K., petitioners; no appearance.

Amanda R. Harris, Mandan, N.D., for respondent and appellant.

Kautzman v. Doll

No. 20170232

McEvers, Justice.

[¶1] Brenda Doll appeals from a district court order denying her motion for reconsideration of a disorderly conduct restraining order.  We conclude the district court did not abuse its discretion by denying Doll’s motion for reconsideration.  We affirm.

I

[¶2] On November 7, 2016, Bruce Kautzman filed a petition for a disorderly conduct restraining order against Doll.  The district court granted a temporary disorderly conduct restraining order and set a hearing for November 17, 2016.  The parties stipulated to rescheduling the hearing.

[¶3] The district court held a hearing on December 16, 2016 and granted the disorderly conduct restraining order.  On March 7, 2017, Doll filed a motion for reconsideration.  On April 25, 2017, the court filed an order denying the motion for reconsideration.  On June 23, 2017, Doll filed her notice of appeal.

II

[¶4] Doll argues the district court abused its discretion by issuing a temporary restraining order, misapplying the law in issuing a permanent restraining order, and not giving her motion for reconsideration due consideration.  Doll also argues the court erred in denying her a full and fair hearing.

[¶5] Doll appeals only from the district court order denying her motion to reconsider.  She did not appeal from the November 8, 2016 temporary restraining order, nor the December 16, 2016 disorderly conduct restraining order.  “An appeal from a [district] court’s refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought.”  
Anderson v. Baker
, 2015 ND 269, ¶ 8, 871 N.W.2d 830 (quoting 
Sturdevant v. SAE Warehouse, Inc.
, 310 N.W.2d 749, 752 (N.D. 1981)).  Because the November 8, 2016 temporary disorderly conduct restraining order and the December 16, 2016 disorderly conduct restraining order were not appealed, Doll cannot challenge whether the orders were appropriate.  Doll’s attempt to raise issues decided by the 2016 orders is also improper because the time for appeal from those orders was not tolled by her motion for reconsideration and, consequently, an appeal from the November 8, 2016 and December 16, 2016 orders is untimely.

[¶6] “Before we consider the merits of an appeal, we must have jurisdiction.” 
Choice Fin. Grp. v. Schellpfeffer
, 2005 ND 90, ¶ 6, 696 N.W.2d 504.   This Court's jurisdiction is provided by the filing of a timely notice of appeal.  Under N.D.R.App.P. 4(a)(1), a notice of appeal must be filed “within 60 days from service of notice of entry of the judgment or order being appealed.”  Doll’s time for a direct appeal from the disorderly conduct restraining order lapsed before she filed her motion for reconsideration.

[¶7] Rule 4(a)(3)(A), N.D.R.App.P., states: 

If a party timely files with the clerk of district court any of the following motions under the North Dakota Rules of Civil Procedure, however titled, the full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion: 

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; 

(iii) for attorney’s fees under Rule 54; 

(iv) to alter or amend the judgment under Rule 59; 

(v) for a new trial under Rule 59; or 

(vi) for relief under Rule 60 if the motion is served and filed no later than 28 days after the notice of entry of judgment.

[¶8] As discussed below, Doll’s motion was not timely filed under N.D.R.Civ.P. 59(j).  Her motion for reconsideration was also not brought within 28 days after notice of entry of judgment to toll the time to appeal the underlying orders.  N.D.R.App.P. 4(a)(3)(A)(vi).  The only issue before this Court is whether the district court abused its discretion by denying the motion for reconsideration.

[¶9] North Dakota law does not formally recognize motions to reconsider.  
See White v. Altru Health System
, 2008 ND 48, ¶ 7, 746 N.W.2d 173.  This Court “treat[s] motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b).”  
Greywind v. State
, 2015 ND 231, ¶ 11, 869 N.W.2d 746.

[¶10] Doll’s motion to reconsider did not identify under what rule or authority she brought the motion.  In her argument on appeal, Doll cites to N.D.R.Civ.P. 59(j) as a basis for her motion to reconsider.  A motion to alter or amend a judgment is timely under N.D.R.Civ.P. 59(j) only if it is “served and filed no later than 28 days after notice of entry of the judgment.”  On December 16, 2016, the Burleigh County Sheriff’s Department served Doll with the disorderly conduct restraining order.  On December 21, 2016, the district court filed the disorderly conduct restraining order, which included Doll’s admission of service.  Doll’s motion for reconsideration was served on Kautzman’s counsel and filed on March 7, 2017.  Doll’s motion to reconsider, if treated as a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j), was untimely.  The court did not abuse its discretion by denying an untimely motion.

[¶11] Assuming Doll brought her motion under N.D.R.Civ.P. 60(b), six reasons for relief from a final order exist:

(1) mistake, inadvertence, surprise, or excusable neglect; 

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; 

(4) the judgment is void; 

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 

(6) any other reason that justifies relief.

[¶12] Doll’s argument on appeal cites to N.D.R.Civ.P. 60(b)(6), “a ‘catch-all’ provision that allows a district court to grant relief from a judgment for ‘any other reason that justifies relief.’”  
Anderson
, 2015 ND 269, ¶ 10, 871 N.W.2d 830 (quoting 
Meier v. Meier
, 2014 ND 127, ¶ 7, 848 N.W.2d 253).  “A motion under Rule 60(b) must be made within a reasonable time.” N.D.R.Civ.P. 60(c)(1).  We assume Doll’s motion to reconsider, if treated as a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b)(6), was timely filed with the district court.

[¶13] A district court’s denial of a motion for reconsideration will not be reversed on appeal absent a manifest abuse of discretion.  
Larson v. Larson
, 2002 ND 196, ¶ 11, 653 N.W.2d 869.  A court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.  
Id.

[¶14] Regarding a request for relief under N.D.R.Civ.P. 60(b)(6), this Court has stated:

“Rule 60(b)(6), N.D.R.Civ.P., is a ‘catch-all’ provision that allows a district court to grant relief from a judgment for ‘any other reason that justifies relief.’”  Rule 60(b)(6), N.D.R.Civ.P., “should be invoked only when extraordinary circumstances are present.”  This Court previously described the limitations of N.D.R.Civ.P. 60(b)(6):

[T]he use of the rule is limited by many considerations. It is not to be used as a substitute for appeal.  It is not to be used to relieve a party from free, calculated, and deliberate choices he has made.  It is not to be used in cases where subdivisions (1) to (5) of Rule 60(b) might be employed—it and they are mutually exclusive.  Yet 60(b)(6) can be used where the grounds for vacating a judgment or order are within any of subdivisions (1) to (5), but something more or extraordinary which justifies relief from the operation of the judgment must be present.

Hildebrand v. Stolz
, 2016 ND 225, ¶ 16, 888 N.W.2d 197 (citations omitted).  “The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances.”  
Anderson
, 2015 ND 269, ¶ 10, 871 N.W.2d 830 (quoting 
Shull v. Walcker
, 2009 ND 142, ¶ 14, 770 N.W.2d 274).

[¶15] Although Doll appeals from the denial of her motion for reconsideration, her brief contains arguments which focus primarily on issues that should have been raised on direct appeal of earlier orders.  She cannot bootstrap those arguments for orders from which she did not timely appeal.  Doll does not argue there were extraordinary or exceptional circumstances entitling her to relief from the disorderly conduct restraining order.  The closest argument to an exceptional circumstance is that she was denied a fair and full hearing.  Doll alleges the court violated her due process rights when it failed to afford her the opportunity to testify or present evidence to rebut Kautzman’s petition and no closing arguments were heard.  “The district court is given discretion in how it conducts a trial or hearing.  Therefore, the decision of the district court will not be reversed unless the district court abused its discretion.”  
Wetzel v. Schlenvogt
, 2005 ND 190, ¶ 22, 705 N.W.2d 836 (citation omitted).

[¶16] Doll did not testify at the hearing, but her attorney cross-examined Kautzman regarding the contents of his affidavit and his testimony on direct examination.  At no time did her attorney request Doll testify or indicate she had a closing argument to make.  The district court required Kautzman to prove his petition through testimony rather than his affidavit alone and allowed Doll an opportunity for cross-

examination.  Therefore, the court conducted a full hearing on the disorderly conduct restraining order.  
See Skadberg v. Skadberg
, 2002 ND 97, ¶¶ 13-14, 644 N.W.2d 873 (holding the district court conducted a full hearing on the disorderly conduct restraining order when respondent did not object to the form of the hearing, did not testify, and replied he had nothing further to present after cross-examining the petitioner).  The court allowed Doll a full hearing on the restraining order and did not abuse its discretion by denying her motion to reconsider.

[¶17] Doll argues the district court abused its discretion by failing to state its reasons for denial.  The court indicated it reviewed the motion, supporting documents, and the file in denying the motion.  Upon review of the record, we conclude Doll has not met her burden under N.D.R.Civ.P. 60(b)(6) to show any exceptional circumstances and the court did not abuse its discretion in denying Doll’s motion for reconsideration.

III

[¶18] We have considered Doll’s remaining arguments and find them to be either without merit or unnecessary to our decision.  We affirm the district court’s order denying Doll’s motion to reconsider.

[¶19] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.