Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 58

State of North Dakota,         Plaintiff

 and

Cassie A. Loibl, Plaintiff and Appellee

v.

Jeremy L. White, Defendant and Appellant

No. 20170263

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Tressie C. Brazil, Fargo, ND, for plaintiff and appellee, Cassie A. Loibl.

Jessica L. Busse, Fargo, ND, for defendant and appellant.

State v. White

No. 20170263

Crothers, Justice.

[¶1] Jeremy White appeals a district court order denying his motions for relief from a judgment relating to primary residential responsibility and for contempt against Cassie Loibl.  We affirm, concluding the court did not abuse its discretion in denying White’s motions.

I

[¶2] White and Loibl have one child together, born in 2015.  In March 2016, the State sued White to decide issues of child support, health insurance and who could claim the child for income tax purposes.  White was incarcerated when the State filed its complaint.  The Barnes County Sheriff personally served White with the complaint at the Barnes County Correctional Facility. 

[¶3] In May 2016, Loibl moved to establish parental rights and responsibilities.  Loibl served White with the motion by mailing it to the Barnes County Correctional Facility and two other addresses in Valley City. 

[¶4] White did not respond to either the State’s complaint or Loibl’s motion.  The district court entered a judgment awarding Loibl primary residential responsibility and sole decision-making responsibility of the child.  The court awarded White supervised parenting time and ordered him to pay $575 per month in child support. 

[¶5] In February 2017, White moved for relief from the judgment under N.D.R.Civ.P. 60(b) and for contempt against Loibl.  White claimed he did not respond to Loibl’s motion because he did not receive the motion.  He stated he was released from jail on March 4, 2016, and did not reside at the addresses to which Loibl mailed the motion. 

[¶6] After an April 2017 hearing the district court denied White’s motions.  The court found White failed to provide Loibl his address after she requested it from him and did not establish extraordinary circumstances warranting relief from the judgment. 

II

[¶7] White argues the court abused its discretion by denying his motion for relief from the judgment.  He claims extraordinary circumstances justify relief because he did not receive Loibl’s motion.

[¶8] We review a district court’s denial of a motion for relief from a final judgment or order under N.D.R.Civ.P. 60(b) for an abuse of discretion.  
Anderson v. Baker
, 2015 ND 269, ¶ 7, 871 N.W.2d 830.  A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if it misinterprets or misapplies the law or if its decision is not the product of a rational mental process leading to a reasoned determination.  
Id.

[¶9] Rule 60, N.D.R.Civ.P., governs relief from a final judgment or order:

“(b) Grounds for Relief from a Final Judgment or Order.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.”

[¶10] 
Under N.D.R.Civ.P. 5(b)(3)(C), service of a motion may be made on a person by mailing a document to the person’s last known address.

[¶11] White claimed multiple grounds under N.D.R.Civ.P. 60(b) entitled him to relief from the judgment.  He alleged he was entitled to relief under N.D.R.Civ.P. 60(b)(1), relating to mistake, because Loibl could have mistakenly or inadvertently mailed her motion to the incorrect address.  He argued N.D.R.Civ.P. 60(b)(3), relating to misrepresentation or fraud, afforded him relief because Loibl knew where he was residing and purposely mailed her motion to the incorrect address.  He also contended  N.D.R.Civ.P. 60(b)(6) entitled him to relief because extraordinary circumstances exist in this case.  
See
 
Meier v. Meier
, 2014 ND 127, ¶ 7, 848 N.W.2d 253 (N.D.R.Civ.P. 60(b)(6) is a “catch-all” provision and relief should be granted only when extraordinary circumstances are present).

[¶12] At his motion hearing White testified he was living with his girlfriend after his release from jail.  He testified Loibl was aware of that and should have mailed her motion to his girlfriend’s address.  He also admitted that Loibl asked for his address before she filed her motion but he did not provide it to her.  He testified he would have given Loibl his address if he had known she was moving for primary residential responsibility.  At the conclusion of the hearing on White’s motion, the district court discussed White’s argument:

“First off I’m going to take up the Rule 60 motion.  I don’t find there to be extraordinary circumstances in this case.  It’s a case of Mr. White choosing to sit on his rights I guess how I see it.  He knows there’s a case pending and he’s kind of taking the . . . putting his head [in the] sand approach I guess you could say.  Spin it any way you want but, I mean, just didn’t care if the paperwork caught up to him or not.

“She specifically asked for his address.  He chose to be evasive and what I heard you testify on the stand Mr. White today, before you caught yourself, was you didn’t give your address to her because you didn’t have a stable home and then you changed gears and went on to say something else.  One of those emails in evidence indicates that you told her you were staying at Scruff’s house or certainly led her to believe that that was one of your options.  She served at the [C]entral [A]venue address and found some other address from who knows where that had Mr. Joey Cruff’s name on it and sent it there as well in addition to the jail where you indicated you’re going back to the jail.

“Again, you knew that stuff was going on.  There’s nothing in this file to indicate you ever contacted the clerk of court to give your address; your updated address, even your address today I don’t even know if that’s in this case.  You seemed evasive.  You didn’t want to give up your address today so it’s fair to say that . . . well, it’s actually in the file.  I’ll be darned.  So I’m not finding there’s any reason to disturb the previous judgment because Mr. White chose to . . . like I said, I think he brought it upon himself when you chose not to give up your address previously.  You were doing couch surfing, what have you.  She doesn’t have to go to the ends of the earth and because she chose not to see the facts the way you saw them, that doesn’t relieve you of your obligation, in my opinion.  So the motion for relief from judgment under Rule 60 is denied.”

[¶13] The district court found White was evasive about his address.  Loibl asked White for his address in an email, but he did not respond.  In an earlier email to Loibl, White stated, “I have scruffs place since he moved.”  White testified “Scruff” is a friend.  He testified one of the Valley City addresses Loibl mailed her motion to was “Scruff’s” address.

[¶14] White argues the district court only discussed N.D.R.Civ.P. 60(b)(6) in denying his motion and erred by failing to address his requests for relief under N.D.R.Civ.P. 60(b)(1), relating to mistake, and N.D.R.Civ.P. 60(b)(3), relating to fraud.  The court found there were no extraordinary circumstances in this case, holding relief was not available under N.D.R.Civ.P. 60(b)(6).  The court found White failed to provide Loibl with his address after she requested it.  White testified he would have provided Loibl his address if he had known she was moving for primary residential responsibility; however, a Rule 60(b) motion should not be used to relieve a party from free, calculated and deliberate choices, and a party is obligated to take legal steps to protect his or her own interests.  
Meier
, 2014 ND 127, ¶ 7, 848 N.W.2d 253.  The court also found White informed Loibl he would be staying at a friend’s house, and Loibl mailed her motion to the friend’s address.  Although the court did not specifically address N.D.R.Civ.P. 60(b)(1) or 60(b)(3), the court’s findings relating to White’s address imply there was no mistake or fraud involved in this case.

[¶15] The district court’s findings are sufficient to allow this Court to understand its decision.  
Brandt v. Somerville
, 2005 ND 35, ¶ 12, 692 N.W.2d 144.  The court made adequate findings and its decision was the product of a rational mental process leading to a reasoned determination.  The court did not abuse its discretion in denying White’s motion for relief from the judgment under N.D.R.Civ.P. 60(b).

III

[¶16] We do not address other arguments raised because they are unnecessary to the decision or are without merit.  The order is affirmed.

[¶17] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.