Jensen, Justice, dissenting.
[¶10] I dissent from the majority opinion affirming the denial of the petition to terminate parental rights. The juvenile court abused its discretion in denying the petition through a misapplication of the law that ignored its finding of "aggravated circumstances" and instead focused exclusively on whether or not there was continuing deprivation. I would reverse and remand this case to the juvenile court for a determination of whether or not denial of the petition for termination of parental rights would seriously affect the child's welfare.
[¶11] The majority opinion recognizes the juvenile court orally found aggravated circumstances were present, and the juvenile court subsequently denied the termination in a written order without addressing the aggravated circumstances. The majority opinion then concludes the oral findings are not inconsistent with the written findings by accepting the juvenile court's finding of aggravated circumstances. However, if aggravated circumstances are present, the juvenile court must determine if the denial of the petition for termination would seriously affect *673 the child's welfare, a finding that is absent from the juvenile court's written findings. To correct the deficiency in the written findings, the majority opinion reviews the record and concludes the juvenile court implicitly determined denial of the petition for termination would not seriously affect the child's welfare.
[¶12] The majority opinion cites to numerous findings of the juvenile court which could support a determination that denial of the petition for termination would not seriously affect the child's welfare. However, that was not the juvenile court's purpose in making those findings, and the conclusion of the majority opinion ignores the juvenile court's exclusive conclusion of law supporting the denial of the petition. The juvenile court summarized why the petition to terminate the parental rights was being denied in paragraph 17 of its Findings of Fact and Order for Disposition. Paragraph 17 reads as follows:
The Court finds the State has failed to demonstrate by clear and convincing evidence the deprivation of this child is likely to continue, or will not be remedied absent a termination of parental rights. The request for termination of parental rights with regard to the above-named child's parents, [S.H.] and [C.H.], is hereby DENIED.
There are no other conclusions stating why the petition is being denied. Significantly, there are no conclusions addressing the existence of aggravated circumstances or if the denial of the termination will seriously affect the child's welfare.
[¶13] Termination of parental rights is governed by N.D.C.C. § 27-20-44 which, in relevant part, reads as follows:
1. The court by order may terminate the parental rights of a parent with respect to the parent's child if:
a. The parent has abandoned the child;
b. The child is subjected to aggravated circumstances as defined under subsection 3 of section 27-20-02 ;
c. The child is a deprived child and the court finds:
(1) The conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; or
(2) The child has been in foster care, in the care, custody, and control of the department, or a county social service board, or, in cases arising out of an adjudication by the juvenile court that a child is an unruly child, the division of juvenile services, for at least four hundred fifty out of the previous six hundred sixty nights; or
d. The written consent of the parent acknowledged before the court has been given.
[¶14] The juvenile court's misapplication of the law is evident from a comparison of the plain language of the statute and its single exclusive reason for denying the petition for termination of parental rights. The district court denied the petition by making the following finding: "The Court finds the State has failed to demonstrate by clear and convincing evidence the deprivation of this child is likely to continue, or will not be remedied absent a termination of parental rights." However, termination of parental rights premised upon aggravated circumstances pursuant to N.D.C.C. § 27-20-44(1)(b) does not require the juvenile court to consider continued deprivation. Continued deprivation is only required to be considered if parental rights are being terminated pursuant to N.D.C.C. § 27-20-44(1)(c).
*674 [¶15] The majority opinion correctly summarizes that once the existence of one of the necessary conditions for termination of parental rights has been established, we consider whether the district court abused its discretion by denying the petition. A district court exercising its discretion to grant or deny a parental-termination petition is reviewed under the abuse of discretion standard. Interest of A.L. , 2011 ND 189, ¶ 12, 803 N.W.2d 597. The abuse of discretion standard is as follows:
A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law. An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion.
Anderson v. Baker , 2015 ND 269, ¶ 7, 871 N.W.2d 830 (citations omitted).
[¶16] The juvenile court's exclusive conclusion as to why the petition should be denied is applicable only to a termination for deprivation under N.D.C.C. § 27-20-44(1)(c) and is not applicable to a termination premised on aggravated circumstances under N.D.C.C. § 27-20-44(1)(b). The juvenile court incorrectly applied the law. I would reverse and remand this case to the juvenile court for a determination of whether, in light of the aggravated circumstances, denial of the petition would seriously affect the child's welfare.
[¶17] Jon J. Jensen
Gerald W. VandeWalle, C.J.