2014 ND 196

In the Interest of J.A.H., child.

State of North Dakota, Petitioner
and Appellee

v.

J.A.H., Child; M.U., Mother, R.H.,
Father, and the Guardian ad
Litem, Janice Briese.

M.U., Mother, Appellant.

In the Interest of D.H., child.

State of North Dakota, Petitioner
and Appellee

v.

D.H., Child; M.U., Mother, R.H., Fa-
ther, and the Guardian ad Litem,
Janice Briese, Respondents.

M.U., Mother, Appellant.

Nos. 20140145, 20140146.

Supreme Court of North Dakota.

Oct. 28, 2014.

Quinn P. Fylling, Bismarck, ND, for respondent and appellant.

Justin M. Balzer, Morton County Assistant State's Attorney, Mandan, ND, for petitioner and appellee.

McEVERS, Justice.

[¶ 1] M.U., the mother, appeals from a juvenile court order removing her children and placing them in the custody of Morton County Social Services. While retaining jurisdiction under Rule 35(a)(3), N.D.R.App.P., we remand with instructions that, within sixty days from the filing of this opinion, the juvenile court make expedited findings of fact to determine whether D.H. and J.A.H. are deprived.

I

[¶ 2] M.U. is the mother of D.H., born in 1998, and J.A.H., born in 2001. On September 6, 2013, M.U. sought assistance from Burleigh County Social Services due to concerns she was being stalked. Later the same day, a juvenile court officer issued a temporary custody order granting Morton County Social Services temporary custody of the children. At a shelter care hearing held on September 10, 2013, the judicial referee found continued shelter care was necessary, as probable cause for deprivation existed. The State petitioned to obtain custody of the children, for up to twelve months, alleging the children were deprived.

[¶ 3] A hearing was held on the petition on February 19, 2014. At the hearing, various employees of Social Services testified that M.U. moved her children from state to state because she believed she was being followed by law enforcement officers, family members, and military personnel. Testimony regarding M.U.'s mental health status, the children's status regarding their physical and mental well-being, and the children's educational levels

was provided. According to the guardian ad litem, D.H. and J.A.H. desired to remain in foster care.

[¶ 4] At the conclusion of the hearing, the judicial referee found the children were deprived and ordered they be placed in the custody of Social Services until June 30, 2014. M.U. requested review of the judicial referee's order under N.D. Sup.Ct. Admin. R. 13 and the district judge affirmed. M.U. then appealed to this Court.

[¶ 5] On appeal, M.U. argues the judicial referee inadequately explained his findings when he concluded D.H. and J.A.H. were deprived children and the juvenile referee's order was not supported by clear and convincing evidence.

II

[¶ 6] M.U. argues the juvenile court clearly erred by providing inadequate findings to support its conclusion D.H. and J.A.H. were deprived children.

[¶ 7] A juvenile court's findings of fact should not be set aside, unless clearly erroneous. *In re T.T.*, 2004 ND 138, ¶ 5, 681 N.W.2d 779. "A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law." *Akerlind v. Buck*, 2003 ND 169, ¶ 7, 671 N.W.2d 256. "On appeal, we review the files, records, and minutes or the transcript of the evidence, and we give appreciable weight to the findings of the juvenile court." *In re B.B.*, 2010 ND 9, ¶ 5, 777 N.W.2d 350 (citation and quotation marks omitted). Further, this Court gives due regard to the trial court's opportunity to judge the credibility of the witnesses. N.D.R.Civ.P. 52(a)(6).

[¶ 8] The juvenile court has exclusive jurisdiction over proceedings in which a child is alleged to be deprived. N.D.C.C. § 27–20–03(1)(a). A deprived child is defined as a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian[.]" N.D.C.C. § 27–20–02(8)(a). "[T]he phrase proper parental care means the minimum standards of care which the community will tolerate." *In re J.R.*, 2002 ND 78, ¶ 9, 643 N.W.2d 699 (citation and quotation marks omitted). Clear and convincing evidence must support a finding of deprivation. *In re T.T.*, 2004 ND 138, ¶ 5, 681 N.W.2d 779. Under N.D.C.C. § 27–20–30, if the juvenile court finds a child to be deprived, it may temporarily transfer legal custody of the child to the agency or person best suited to the protection and welfare of the child. Specifically, the juvenile court may "transfer temporary legal custody to.... The director of the county social service board or other public agency authorized by law to receive and provide care for the child." N.D.C.C. § 27–20–30(1)(b)(2).

[¶ 9] Under N.D. Sup.Ct. Admin. R. 13, § 10(a), "[t]he findings and order of the judicial referee have the effect of the findings and order of the district court until superseded by a written order of a district court judge." The district judge does not review the judicial referee's decision in an appellate capacity, rather the district judge, acting as the juvenile court must review the record de novo. *Interest of B.F.*, 2009 ND 53, ¶ 12, 764 N.W.2d 170; N.D. Sup.Ct. Admin. R. 13, § 11(b).

When the juvenile court judge reviews the referee's findings and order, the findings and order survive only to the extent the judge chooses to adopt them. Upon review, the referee's findings and order constitute recommendations to the juvenile court judge. The juvenile court judge is given the ultimate authority to be the fact finder and adjudicator and to issue a final disposition. Once the juvenile court judge issues a final order, there remains no decision of the referee to reinstate if this Court were to reverse the juvenile court judge's decision.

*Interest of B.F.*, 2009 ND 53, ¶ 15, 764 N.W.2d 170.

[¶ 10] Here, the district judge, acting as the juvenile court, affirmed the judicial referee's decision, and in so ordering, adopted the judicial referee's findings as his own under N.D. Sup.Ct. Admin. R. 13, § 11(b)(1).

[¶ 11] In this case, the juvenile court removed D.H. and J.A.H. from M.U., concluding they were deprived and that it was in their best interests to be removed from M.U.'s legal custody. In its findings of fact and order, the juvenile court found:

That the mother presented to Social Services indicating that she needed help because people were stalking and harassing her. The ensuing investigation by Morton County Social Services has revealed that said children are without proper parental care and control, subsistence, or other care necessary for their physical, mental or emotional health or morals. The Court takes notice of the Petition, Affidavit in Support, and GAL Report and incorporates them herein. The testimony received supports a finding of deprivation by the clear and convincing standard. The GAL recommended custody with the County Social Services and services to be completed. Since the initial removal in September of

2013, the reunification has not progressed due to the mother's instability and apparent mental health issues. The children expressed through the GAL their desire to remain in care at this time.

[¶ 12] However, most of the juvenile court's findings are general and conclusory or solely repeat the statutory language of N.D.C.C. § 27–20–02.

Rule 52(a), N.D.R.Civ.P., requires a court to find facts specially and state its conclusions of law separately when an action is tried on the facts without a jury. The court must make findings of fact and conclusions of law which provide sufficient specificity to enable a reviewing court to understand the factual determinations made by the trial court and the basis for its conclusions of law and decision. The court's findings of fact ... should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the court's decision. We cannot properly review a decision if the trial court does not provide an explanation of the basis for its decision because we would be left to speculate whether the court properly applied the law. Findings that are conclusory and general do not comply with N.D.R.Civ.P. 52(a).

*Interest of T.R.C.*, 2014 ND 172, ¶ 9, 852 N.W.2d 408 (citations and quotation marks omitted).

[¶ 13] Here, the juvenile court's determination that D.H. and J.A.H. are deprived is not supported by adequate findings. Although the juvenile court took notice of and incorporated the Petition, Affidavit in Support, and GAL Report, it did not make any detailed factual findings regarding the contents of these documents. The GAL Report contained information regarding the health and well-being of the children that is not wholly consistent with

a finding of deprivation. By merely taking notice of, and incorporating the GAL Report without any analysis, we are unable to review the juvenile court's basis for a finding of deprivation. The juvenile court also generally concluded the Morton County Social Services investigation revealed the children were without proper parental care, but it did not make any specific factual findings regarding the results of this investigation. "Findings that are conclusory and general do not comply with N.D.R.Civ.P. 52(a)." *Interest of T.R.C.*, at ¶ 9. Additionally, the juvenile court found "the reunification has not progressed due to the mother's instability and apparent mental health issues[,]" but it did not provide sufficient specificity to explain how this supports its finding of deprivation. The juvenile court's order provided that the children desired to remain in foster care, but the juvenile court also failed to explain with sufficient specificity how this relates to its finding of deprivation. The remainder of the juvenile court's findings essentially recite statutory language. As a result, we conclude the juvenile court's findings are general and conclusory and do not comply with N.D.R.Civ.P. 52(a). Because we are unable to understand the factual basis for the juvenile court's conclusion that D.H. and J.A.H. are deprived, we are unable to review whether it properly applied the law.

[¶ 14] We remand with instructions that, within sixty days from the filing of this opinion, the juvenile court make expedited findings of fact to determine whether D.H. and J.A.H. are deprived. We retain jurisdiction under N.D.R.App.P. 35(a)(3). *See Interest of S.R.B.*, 2013 ND 75, ¶ 12, 830 N.W.2d 565 (remanding with instructions while retaining jurisdiction).

III

[¶ 15] M.U. argues the juvenile court's order concluding D.H. and J.A.H. were

deprived children was not supported by clear and convincing evidence. Specifically, M.U. alleges the juvenile court's finding of deprivation was based on testimony about M.U.'s mental health status. According to M.U., without a diagnosis of a mental health illness supported by a mental health expert, information presented alleging mental health concerns is insufficient to support the court's finding of deprivation.

[¶ 16] As noted, without sufficient findings of fact, we will not speculate whether the juvenile court's determination was supported by clear and convincing evidence. We note, however, M.U.'s argument is contrary to our case law. In deprivation cases, there is no requirement, as a matter of law, that a parent be diagnosed with a mental health disorder in order for witnesses to testify regarding the parent's behavior and mental health status. In *Interest of J.S.L.*, a case regarding a termination of parental rights, we concluded testimony by lay witnesses, about their own observations of the parent's actions, constituted sufficient prognostic evidence of chemical dependency and mental illness, even though no expert witnesses testified, diagnosing the parent with a mental illness. 2009 ND 43, ¶¶ 15–16, 763 N.W.2d 783; *see also In re B.B.*, 2010 ND 9, ¶ 13, 777 N.W.2d 350 (stating "In *Interest of J.S.L.*, [at ¶ 16,] we concluded testimony by lay witnesses regarding chemical dependency and mental illness provided sufficient prognostic evidence about chemical dependency and mental illness."). As a result, we conclude the determinative issue is how the parent's behavior affects the children, not whether the parent has been diagnosed with a mental health disorder.

[¶ 17] Accordingly, to the extent M.U. argues consideration of a parent's mental health status requires a specific diagnosis supported by testimony of an expert witness to sustain a finding of deprivation, the argument fails.

## IV

[¶ 18] We remand with instructions that, within sixty days from the filing of this opinion, the district judge make adequate and expedited findings of fact to determine whether D.H. and J.A.H. are deprived children.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ.