2017 ND 248

### IN the INTEREST OF P.T.D., a Child

Eileen Hoffman, L.S.W., Stutsman County, Petitioner and Appellee

v.

P.T.D., child, T.D., father, Respondents

and

A.D., mother, Respondent and Appellant

### In the Interest of C.R.D., a Child

Eileen Hoffman, L.S.W., Stutsman County, Petitioner and Appellee

v.

C.R.D., child, T.D., father, Respondents

and

A.D., mother, Respondent and Appellant

### In the Interest of P.A.D., a Child

Eileen Hoffman, L.S.W., Stutsman County, Petitioner and Appellee

v.

P.A.D., child, T.D., father, Respondents

and

A.D., mother, Respondent and Appellant

### In the Interest of P.P.D., a Child

Eileen Hoffman, L.S.W., Stutsman County, Petitioner and Appellee

v.

P.P.D., child, T.D., father, Respondents

and

A.D., mother, Respondent and Appellant

### In the Interest of N.A.D., a Child

Eileen Hoffman, L.S.W., Stutsman
County, Petitioner and
Appellee

v.

N.A.D., child, T.D., father, Respondents

and

A.D., mother, Respondent
and Appellant

No. 20170068, No. 20170069, No.
20170070, No. 20170071,
No. 20170072

Supreme Court of North Dakota.

Filed 10/17/2017

Jeffrey P. Davis, Stutsman County Assistant State's Attorney, Jamestown, ND, for petitioner and appellee.

Kiara Kraus–Parr, Grand Forks, ND, for respondent and appellant.

Jensen, Justice.

[¶ 1] A.D., the mother of P.T.D., C.R.D., P.A.D., P.P.D., and N.A.D., appeals from a juvenile court order finding her five children were deprived under N.D.C.C. § 27–20–02(8). We conclude the juvenile court did not make sufficient findings of fact and remand for further findings.

I

[¶ 2] On February 10, 2017, the juvenile court held a deprivation hearing regarding A.D. and T.D.'s five children. T.D. is the father of all five children and did not appeal the juvenile court's order. The State alleged the children were deprived under N.D.C.C. § 27–20–02(8). The State alleged the children were deprived because of repeated exposure to domestic violence between A.D. and T.D.; A.D.'s substance abuse and the presence of controlled substances in the home; T.D.'s suicide attempts; and other mental health issues.

[¶ 3] At the deprivation hearing, the juvenile court heard testimony from P.T.D., the oldest child; A.D.'s father, the children's grandfather; Jessica Hartman, sergeant of the 24/7 program at the Stutsman County Correctional Center; Mercedez Holzworth, deputy sheriff at the Stutsman County Sheriff's department; T.D.'s mother, the children's grandmother; Eileen Hoffman, Stutsman County child protection worker; Nicole Heinle, family service specialist at Stutsman County Social Services; T.D.; and A.D. P.T.D. testified that he cared for his younger siblings while his parents were sleeping, did not feel safe at his parents' home, and was scared of his father. The children's grandfather testified about where A.D. was living while the children were removed and his observations of A.D., T.D., and the children. Hartman testified about A.D.'s urinalysis results, showing A.D.'s drug use. Holzworth testified about her experience in responding to calls from A.D. and T.D.'s home in the prior six months. The children's grandmother testified about her experiences with the children, what she observed in A.D. and T.D.'s home, along with how they cared for their children. Hoffman testified about her concerns regarding the conditions of the home prior to the removal of the children. Heinle testified about A.D.'s drug screening results and the youngest child's medical conditions and treatment. A.D. and T.D. each testified about their care of the children and also different issues related to their relationship, drug use, and mental health. Overall, the juvenile court heard a significant amount of testimony about the family's living situation and the relationships between the parents and their children.

[¶ 4] After the deprivation hearing, the juvenile court found the children were deprived by clear and convincing evidence. The juvenile court ordered the children removed from the care, custody, and control of their parents on February 13, 2017. The juvenile court found the children deprived, as defined in N.D.C.C. § 27–20–02, and provided the following factual findings:

> In particular, the children's mother, [A.D.], has recent positive tests for methamphetamine. [A.D.] is known to sleep late in the day, leaving the eldest of the children to care for the others. It should also be noted that when [N.A.D.] (the youngest of the children) is in his grandmother's care, the child "thrives." When [N.A.D.] is returned to [A.D.]'s care, [N.A.D.] ends up in the hospital. The children's father, [T.D.], has numerous recent attempts of suicide. Law enforcement has been dispatched to [A.D. and T.D.'s] residence on several occasions for domestic violence issues due to [T.D.]'s behavior. Furthermore, the eldest child at age 12, [P.T.D.], has expressed multiple occurrences when he has been concerned for his siblings and mother's welfare.

These were the juvenile court's only written findings of fact following the deprivation hearing, aside from basic information about the family and repeating the statutory language. The juvenile court also made oral findings, including a contradictory finding that N.A.D.'s health issues "have all been related to his birth condition and there isn't sufficient testimony one way or the other as to the causes and effects on that." After finding the children deprived, the three oldest children were placed with the paternal grandparents, and the two youngest children were placed in foster care.

[¶ 5] On appeal, A.D. requests this Court reverse the juvenile court and return the custody of the children to her. The juvenile court terminated its order and returned the children to the care, custody, and control of A.D. and T.D. on April 28, 2017.

II

[¶ 6] A.D. argues the juvenile court erred in finding the children deprived under N.D.C.C. § 27–20–02. Additionally, A.D. alleges the juvenile court failed to find "exceptional circumstances" warranting placement of the children with someone other than the children's natural parents. Although custody has since been returned to A.D. and T.D., we review the juvenile court's decision because the nights the children spent in the custody of social services may be used in a subsequent parental termination under N.D.C.C. § 27–20–44(1)(c). We review decisions of a juvenile court as follows:

> A juvenile court's findings of fact should not be set aside, unless clearly erroneous. *In re T.T.*, 2004 ND 138, ¶ 5, 681 N.W.2d 779. "A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law." *Akerlind v. Buck*, 2003 ND 169, ¶ 7, 671 N.W.2d 256. "On appeal, we review the files, records, and minutes or the transcript of the evidence, and we give appreciable weight to the findings of the juvenile court." *In re B.B.*, 2010 ND 9, ¶ 5, 777 N.W.2d 350 (citation and quotation marks omitted). Further, this Court gives due regard to the trial court's opportunity to judge the credibility of the witnesses. N.D.R.Civ.P. 52(a)(6).

*Interest of J.A.H.*, 2014 ND 196, ¶ 7, 855 N.W.2d 394. Additionally, we have held:

> The juvenile court has exclusive jurisdiction over proceedings in which a child

is alleged to be deprived. N.D.C.C. § 27–20–03(1)(a). A deprived child is defined as a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian [.]" N.D.C.C. § 27–20–02(8)(a). "[T]he phrase proper parental care means the minimum standards of care which the community will tolerate." *In re J.R.*, 2002 ND 78, ¶ 9, 643 N.W.2d 699 (citation and quotation marks omitted). Clear and convincing evidence must support a finding of deprivation. *In re T.T.*, 2004 ND 138, ¶ 5, 681 N.W.2d 779. Under N.D.C.C. § 27–20–30, if the juvenile court finds a child to be deprived, it may temporarily transfer legal custody of the child to the agency or person best suited to the protection and welfare of the child. Specifically, the juvenile court may "transfer temporary legal custody to.... The director of the county social service board or other public agency authorized by law to receive and provide care for the child." N.D.C.C. § 27–20–30(1)(b)(2).

*J.A.H.*, at ¶ 8.

■ [¶ 7] Conclusory and general findings do not comply with N.D.R.Civ.P. 52(a). *J.A.H.*, 2014 ND 196, ¶ 12, 855 N.W.2d 394. Rule 52(a), N.D.R.Civ.P., requires the court "find the facts specially and state its conclusions of law separately." In *J.A.H.*, this Court remanded to the juvenile court for further findings of fact regarding the deprivation of two children and retained jurisdiction. *J.A.H.*, at ¶ 14. The juvenile court did not explain with sufficient specificity how the facts of the mother's mental health issues related to its finding of deprivation. *Id.* at ¶ 13. This

Court determined the juvenile court's findings were "general and conclusory or solely repeat[ed] the statutory language of N.D.C.C. § 27–20–02." *Id.* at ¶ 12. As a result, this Court was unable to determine the factual basis for finding the children deprived and remanded for further findings. *Id.* at ¶ 13. In *J.A.H.*, this Court retained jurisdiction under N.D.R.App.P. 35(a)(3) and required the juvenile court to make expedited findings within sixty days of the opinion. *Id.* at ¶ 14.

■ [¶ 8] This Court may use a juvenile court's oral findings to explain the juvenile court's written decision. *In re T.T.*, 2004 ND 138, ¶ 25, 681 N.W.2d 779. Additionally, "a trial court's written findings of fact prevail when a discrepancy exists between those findings and the court's prior memorandum opinion or oral ruling." *Fed. Land Bank of St. Paul v. Lillehaugen*, 404 N.W.2d 452, 454 (N.D. 1987).

■ [¶ 9] Here, similar to *J.A.H.*, the juvenile court's findings were general, conclusory, and otherwise repeated the statutory language. The juvenile court noted drug use, mental health issues, domestic violence, and other health issues in its order, but it failed to connect those facts to the children's deprivation. The juvenile court also found contradictory facts in its written and oral findings regarding N.A.D.'s health condition. Under *Lillehaugen*, the written findings control over the oral findings. However, even taking into consideration the oral findings by the juvenile court, this Court concludes it cannot determine a factual basis for the deprivation. Like in *J.A.H.*, we cannot determine a factual basis for the children's deprivation, and we remand for adequate findings in accordance with N.D.R.Civ.P. 52(a). We retain jurisdiction under N.D.R.App.P. 35(a)(3).

[¶ 10] Although we determine the findings of fact are inadequate, the juvenile court was not required to find exceptional circumstances to place the children with their grandmother and Stutsman County Social Services. The authority A.D. relies upon relates to domestic relations under N.D.C.C. tit. 14 and does not apply to the removal and placement of a deprived child. We have noted the test for placing a child in the custody of someone other than a natural parent under N.D.C.C. tit. 14 differs from the standard for determining parental fitness, which is governed by N.D.C.C. tit. 27. *See Hamers v. Guttormson*, 2000 ND 93, ¶ 9, 610 N.W.2d 758. Under N.D.C.C. § 27–20–30, a deprived child may be placed with a person or agency best suited to the protection and welfare of the child. The statute does not require a finding of exceptional circumstances to place a child with a relative or social services, but rather only requires the juvenile court find the child is deprived under N.D.C.C. § 27–20–02.

### III

[¶ 11] We remand with instructions that the juvenile court, within sixty days from the filing of this opinion, make adequate findings of fact to determine whether P.T.D., C.R.D., P.A.D., P.P.D., and N.A.D. were deprived children based on the evidence presented at the initial deprivation hearing, and we retain jurisdiction under N.D.R.App.P. 35(a)(3).

[¶ 12] Jon J. Jensen

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.