Jensen, Justice.
*694 [¶ 1] A.D., the mother of P.T.D., C.R.D., P.A.D., P.P.D., and N.A.D., appeals from a juvenile court order finding her five children were deprived under N.D.C.C. § 27-20-02(8). We previously concluded the juvenile court did not make sufficient findings of fact and remanded the case for further findings. Interest of P.T.D. , 2017 ND 248, ¶ 11, 903 N.W.2d 83. Upon review of the additional findings, we affirm the juvenile court's Amended Juvenile Findings of Fact and Order for Disposition entered on December 15, 2017.
I
[¶ 2] We previously reviewed the juvenile court's findings following a deprivation hearing regarding A.D.'s five children. Interest of P.T.D. , 2017 ND 248, ¶ 9, 903 N.W.2d 83. We provided the underlying facts in the prior appeal. Id. at ¶¶ 2-4. Following our review, we remanded for additional findings following our determination that the juvenile court's findings were general, conclusory, and otherwise repeated the statutory language. Id. at ¶ 9. While the juvenile court noted the parents' drug use, mental health issues, domestic violence, and other health issues in its order, it failed to connect those facts to the children's deprivation. Id. We retained jurisdiction under N.D.R.App.P. 35(a)(3). Id.
[¶ 3] On remand, the juvenile court made additional findings relating to deprivation, including the following:
1. One or more of the children were afraid in the family home because of the respondents' arguing and fighting.
2. One or more of the children did not feel safe in the family home.
3. One or more of the children had been physically harmed from being slapped, "smacked," or thrown.
4. One or more of the children usually "got crackers for breakfast when the parents would sleep in, and sometimes toast."
5. The oldest child, who was approximately 11 years old, would assume parental responsibilities when the respondents would sleep in until 11:00 a.m. or noon and when the respondents would leave the home sometimes as late as 9:00 p.m.; the children were born in 2005, 2009, 2010, 2014 and 2015.
6. The living conditions for the children were unsanitary and unsafe, including the house being a mess with garbage, dirty dishes, and dirty diapers.
7. The children were exposed to domestic violence.
8. One of the respondents broke down a door into a bedroom where the other respondent had fled with the children following an argument.
9. The respondents did not make sufficient efforts to participate in the recommended marriage counseling, anger and depression counseling, or counseling for coping with stress.
II
[¶ 4] A.D. argues the juvenile court's findings were insufficient to find the children were deprived. With regard to the definition of deprivation, this Court has noted the following:
A deprived child is defined as a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian[.]" N.D.C.C. § 27-20-02(8)(a). "[T]he *695 phrase proper parental care means the minimum standards of care which the community will tolerate." In re J.R., 2002 ND 78, ¶ 9, 643 N.W.2d 699 (citation and quotation marks omitted).
Interest of J.A.H. , 2014 ND 196, ¶ 7, 855 N.W.2d 394. Parental cooperation is pertinent to determining whether deprivation will continue. Interest of T.H. , 2012 ND 38, ¶ 29, 812 N.W.2d 373. The juvenile court may consider a parent's pattern of behavior and whether a parent's conduct demonstrates a serious indifference towards parental responsibilities and obligations. Id.
[¶ 5] We review decisions of a juvenile court as follows:
A juvenile court's findings of fact should not be set aside, unless clearly erroneous. In re T.T. , 2004 ND 138, ¶ 5, 681 N.W.2d 779. "A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law." Akerlind v. Buck , 2003 ND 169, ¶ 7, 671 N.W.2d 256. "On appeal, we review the files, records, and minutes or the transcript of the evidence, and we give appreciable weight to the findings of the juvenile court." In re B.B. , 2010 ND 9, ¶ 5, 777 N.W.2d 350 (citation and quotation marks omitted). Further, this Court gives due regard to the trial court's opportunity to judge the credibility of the witnesses. N.D.R.Civ.P. 52(a)(6).
J.A.H. , 2014 ND 196, ¶ 7, 855 N.W.2d 394.
[¶ 6] When considering the above facts collectively, the juvenile court determined there was clear and convincing evidence the children were deprived. Giving appreciable weight to its findings, the juvenile court sufficiently connected the findings about the parents' behavior to the children's deprivation. The juvenile court's determination the children were deprived is not clearly erroneous. Children living in an environment in which they are simultaneously scared, feeling unsafe, physically harmed, required to assume parental responsibilities, living in unsanitary and unsafe conditions, and exposed to domestic violence, fall within the definition of deprivation provided by N.D.C.C. § 27-20-02(8)(a).
III
[¶ 7] The juvenile court's determination there was clear and convincing evidence that P.T.D., C.R.D., P.A.D., P.P.D., and N.A.D. were deprived children was not clearly erroneous, and we affirm the juvenile court's Amended Juvenile Findings of Fact and Order for Disposition entered on December 15, 2017.
[¶ 8] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.