Filed 7/18/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 178

In the Interest of B.H., A Child

Leslie Johnson, L.S.W., Cass County 

Social Services, Petitioner and Appellant

v.

B.H., child; C.H., father; and Lisa Borseth, 

Lay Guardian ad Litem; and Christopher 

Jones, Executive Director of North Dakota 

Department of Human Services, Respondents

and

S.H., mother, Respondent and Appellee

No. 20180165

Appeal from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Scott A. Griffeth, Judicial Referee.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Constance L. Cleveland, Fargo, N.D., for petitioner and appellant.

Jay R. Greenwood, Fargo, N.D., for respondent and appellee.

Interest of B.H.

No. 20180165

Tufte, Justice.

[¶1] Cass County Social Services (“Cass County”) appeals a juvenile court order denying termination of parental rights.  Because the juvenile court did not abuse its discretion, we affirm.

I

[¶2] B.H., born in June 2016, is the child of S.H. (mother) and C.H. (father).  In July 2016, the juvenile court concluded that B.H. was a deprived child within the meaning of N.D.C.C. § 27-20-02(8); found that B.H. had been subjected to aggravated circumstances pursuant to N.D.C.C. § 27-20-02(3) due to prenatal exposure to methamphetamine; and ordered that B.H. be removed from the custody of the parents for a period of one year.  The court also ordered that a treatment plan be developed in an effort to reunite B.H. with his parents.  B.H. was returned to the parental home in October 2016.

[¶3] In March 2017, the mother and father tested positive for methamphetamine.  B.H. remained in the home because the father intended to vacate the home and the mother committed to re-engage in treatment services.  The father, who had pressured the mother to use drugs prior to the March test, left the home, but soon returned.  In October 2017, both mother and child tested positive for methamphetamine.  The father stated he could not be given a hair follicle test for methamphetamine because he had removed all his hair.  B.H. was removed from the home, and Cass County petitioned for termination of both parents’ parental rights.  After a trial, the juvenile court denied termination of parental rights, stating:

The Court cannot find by clear and convincing evidence that the conditions and causes of deprivation are likely to continue, or will not be remedied as required by N.D.C.C. 27-20-44(l)(c)(1).  The respondent [S.H.] has participated in treatment, maintained sobriety, is gainfully employed, and has established stable housing for an extended period of time.  If [S.H.] is able to maintain her current sobriety and related improvements, the conditions of deprivation may be abated.  At a time proximate to the most recent positive drug screens for [S.H.] and the minor child of the parties [C.H.] has admitted to relapse in his use of methamphetamine.  This provides a feasible explanation for the positive drug screens of [S.H.] and the child at least to a level that precludes clear and convincing evidence that deprivation is likely to continue absent termination.  This evidence is in conjunction with [C.H.] and [S.H.] no longer residing together.

At present, there are compelling reasons not to seek termination of parental rights, including: [S.H.] and [C.H.] have demonstrated a willingness to engage in chemical dependency treatment, maintain contact with family support networks to ensure monitoring and safety, as well as, demonstrate an ability to maintain periods of sobriety.  There is also undisputed testimony of a strong bond between the child and both parents and no apparent deficits in the parents’ parenting skills or willingness to care for the child.

The juvenile court ordered continued removal of B.H. from the custody of his parents for a period of one year.

II

[¶4] Cass County argues that because the juvenile court found aggravated circumstances, it erred by denying termination of parental rights.  Section 27-20-

44(1)(b), N.D.C.C., provides, “The court by order may terminate the parental rights of a parent with respect to the parent’s child if . . . [t]he child is subjected to aggravated circumstances as defined under subsection 3 of section 27-20-02.”  Section 27-20-02(3), N.D.C.C., defines aggravated circumstances, in relevant part, as circumstances in which a parent “[s]ubjects the child to prenatal exposure to chronic or severe use of alcohol or any controlled substance as defined in chapter 19-03.1 in a manner not lawfully prescribed by a practitioner.”  N.D.C.C. § 27-20-

02(3)(g).

The petitioner must establish his allegations in support of parental-rights termination by clear and convincing evidence.  
In re J.C.
, 2007 ND 111, ¶ 12, 736 N.W.2d 451 (citing 
Santosky v. Kramer
, 455 U.S. 745, 769 (1982)).  Only if this elevated standard of proof is met does the district court have discretion under the statute to consider whether termination of parental rights would promote the child’s welfare.  
Adoption of K.S.H.
, 442 N.W.2d 417, 420-21 (N.D. 1989) (“The statute uses the word ‘may’ which as ordinarily understood in a statute is permissive rather than mandatory and operates to confer discretion.”).  “The primary purpose of the Uniform Juvenile Court Act is to protect the welfare of the child and, thus, the best interest of the child is one factor to be considered in determining the necessity of terminating parental rights.”  
Interest of D.S.
, 325 N.W.2d 654, 659 (N.D. 1982).  A district court’s discretion under the statute is not unlimited.  For example, if the evidence establishes that denying a petition to terminate parental rights “would seriously affect [the children’s] emotional well being,” the district court would err if it denied the petition.  
Interest of D.R.
, 525 N.W.2d 672, 674 (N.D. 1994).

Matter of C.D.G.E.
, 2017 ND 13, ¶ 4, 889 N.W.2d 863.

A

[¶5] The order denying termination of parental rights did not include a finding of aggravated circumstances.  The juvenile court’s oral findings included the finding that B.H. had previously been subjected to aggravated circumstances.  If a discrepancy exists between a trial court’s oral statements and subsequent written statements, the written statements control.  
State v. Andres
, 2016 ND 90, ¶ 15, 879 N.W.2d 464; 
Fenske v. Fenske
, 542 N.W.2d 98, 102 (N.D. 1996) (stating that “written findings of fact prevail when a discrepancy exists between those findings and the court’s prior . . . oral ruling.”).  Here, however, there is no inconsistency between the oral and written findings.  The oral order found B.H. had been subjected to aggravated circumstances; the written order was silent on the matter.  On the issues it addresses, the written order does not deviate from the oral order.  As to findings and conclusions in the oral order not included in the written order, there is no indication the court intended to limit its prior findings by omission.  Because there is no conflict between the oral and written findings, we conclude that the juvenile court found B.H. had been subjected to aggravated circumstances.  
See Interest of P.T.D.
, 2017 ND 248, ¶ 8, 903 N.W.2d 83 (stating, “This Court may use a juvenile court’s oral findings to explain the juvenile court’s written decision.”).  Such a finding is consistent with the juvenile court’s July 2016 order and the record.  The record shows that B.H. was exposed to methamphetamine prior to birth.  Under N.D.C.C. § 27-20-02(3)(g), aggravated circumstances exist if a parent subjects a child to prenatal exposure to a controlled substance.  Thus, a condition for termination of parental rights is present.

B

[¶6] Because one of the necessary conditions for termination of parental rights exists, this Court must consider whether the juvenile court abused its discretion by denying Cass County’s petition.  
See C.D.G.E.
, 2017 ND 13, ¶ 9, 889 N.W.2d 863 (stating that a court “exercising its discretion to grant or deny a parental-termination petition is reviewed under the abuse of discretion standard.”).  The abuse of discretion standard is as follows:

A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law.  An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court’s decision merely because it is not the one it would have made had it been deciding the motion.

Id.
 (quoting 
Anderson v. Baker
, 2015 ND 269, ¶ 7, 871 N.W.2d 830).  The juvenile court “does not abuse its discretion in denying a parental-termination petition unless the petitioner establishes that denying the petition would seriously affect the child’s welfare.”  
Id.
 at ¶ 10.

[¶7] Cass County did not directly argue that denial of the petition would seriously affect the child’s welfare.  To the extent this was implicit in the parents’ drug use, the juvenile court found to the contrary, describing compelling reasons to retain parental rights.  In its decision, the court found both parents have “demonstrated a willingness to engage in chemical dependency treatment, maintain[ed] contact with family support networks to ensure monitoring and safety, as well as, demonstrate[d] an ability to maintain periods of sobriety.”  The court found that the mother is “gainfully employed” and has established stable housing for B.H.  The court also stated that there is “undisputed testimony of a strong bond between the child and both parents and no apparent deficits in the parents’ parenting skills or willingness to care for the child.”  Thus, we conclude that the juvenile court did not abuse its discretion by denying Cass County’s petition for termination of parental rights.

III

[¶8] Because the juvenile court did not abuse its discretion by denying Cass County’s petition for termination of parental rights, we affirm the juvenile court’s order.

[¶9] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jensen, Justice, dissenting.

[¶10] I dissent from the majority opinion affirming the denial of the petition to terminate parental rights.  The juvenile court abused its discretion in denying the petition through a misapplication of the law that ignored its finding of “aggravated circumstances” and instead focused exclusively on whether or not there was continuing deprivation.  I would reverse and remand this case to the juvenile court for a determination of whether or not denial of the petition for termination of parental rights would seriously affect the child’s welfare.

[¶11] The majority opinion recognizes the juvenile court orally found aggravated circumstances were present, and the juvenile court subsequently denied the termination in a written order without addressing the aggravated circumstances.  The majority opinion then concludes the oral findings are not inconsistent with the written findings by accepting the juvenile court’s finding of aggravated circumstances.  However, if aggravated circumstances are present, the juvenile court must determine if the denial of the petition for termination would seriously affect the child’s welfare, a finding that is absent from the juvenile court’s written findings.  To correct the deficiency in the written findings, the majority opinion reviews the record and concludes the juvenile court implicitly determined denial of the petition for termination would not seriously affect the child’s welfare.

[¶12] The majority opinion cites to numerous findings of the juvenile court which could support a determination that denial of the petition for termination would not seriously affect the child’s welfare.  However, that was not the juvenile court’s purpose in making those findings, and the conclusion of the majority opinion ignores the juvenile court’s exclusive conclusion of law supporting the denial of the petition.  The juvenile court summarized why the petition to terminate the parental rights was being denied in paragraph 17 of its Findings of Fact and Order for Disposition. Paragraph 17 reads as follows:

The Court finds the State has failed to demonstrate by clear and convincing evidence the deprivation of this child is likely to continue, or will not be remedied absent a termination of parental rights.  The request for termination of parental rights with regard to the above- named child’s parents, [S.H.] and [C.H.], is hereby DENIED.

There are no other conclusions stating why the petition is being denied.  Significantly, there are no conclusions addressing the existence of aggravated circumstances or if the denial of the termination will seriously affect the child’s welfare.

[¶13] Termination of parental rights is governed by N.D.C.C. § 27-20-44 which, in relevant part, reads as follows:

1. The court by order may terminate the parental rights of a parent with respect to the parent’s child if:

a. The parent has abandoned the child;

b. The child is subjected to aggravated circumstances as defined under subsection 3 of section 27-20-02;

c. The child is a deprived child and the court finds:

(1) The conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; or

(2) The child has been in foster care, in the care, custody, and control of the department, or a county social service board, or, in cases arising out of an adjudication by the juvenile court that a child is an unruly child, the division of juvenile services, for at least four hundred fifty out of the previous six hundred sixty nights; or

d. The written consent of the parent acknowledged before the court has been given.

[¶14] The juvenile court’s misapplication of the law is evident from a comparison of the plain language of the statute and its single exclusive reason for denying the petition for termination of parental rights.  The district court denied the petition by making the following finding:  “The Court finds the State has failed to demonstrate by clear and convincing evidence the deprivation of this child is likely to continue, or will not be remedied absent a termination of parental rights.”  However, termination of parental rights premised upon aggravated circumstances pursuant to N.D.C.C. § 27-20-44(1)(b) does not require the juvenile court to consider continued deprivation.  Continued deprivation is only required to be considered if parental rights are being terminated pursuant to N.D.C.C. § 27-20-44(1)(c).

[¶15] The majority opinion correctly summarizes that once the existence of one of the necessary conditions for termination of parental rights has been established, we consider whether the district court abused its discretion by denying the petition.  A district court exercising its discretion to grant or deny a parental-termination petition is reviewed under the abuse of discretion standard.  
Interest of A.L.
, 2011 ND 189, ¶ 12, 803 N.W.2d 597.  The abuse of discretion standard is as follows:

A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law.  An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court’s decision merely because it is not the one it would have made had it been deciding the motion.

Anderson v. Baker
, 2015 ND 269, ¶ 7, 871 N.W.2d 830 (citations omitted).

[¶16] The juvenile court’s exclusive conclusion as to why the petition should be denied is applicable only to a termination for deprivation under N.D.C.C. § 27-20-44(1)(c) and is not applicable to a termination premised on aggravated circumstances under N.D.C.C. § 27-20-44(1)(b).  The juvenile court incorrectly applied the law.  I would reverse and remand this case to the juvenile court for a determination of whether, in light of the aggravated circumstances, denial of the petition would seriously affect the child’s welfare.

[¶17] Jon J. Jensen

Gerald W. VandeWalle, C.J.