Tufte, Justice.
[¶ 1] N.B., the father, and J.G., the mother, appeal from a juvenile court order finding their child, J.B., to be a deprived child and granting legal custody to Cass County Social Services. We conclude clear and convincing evidence supports the juvenile court's finding that J.B. was deprived. We affirm.
I
[¶ 2] In 2014, J.G. had two children removed from her care in Grand Forks and ultimately pled guilty to four felony counts of child neglect or abuse. J.G.'s parental rights to those two children were involuntarily terminated in Grand Forks in 2016. N.B. was not the father of the two children. In February 2017, J.G. was charged with failing to register as an offender against children, a felony, after she moved and failed to register her address with the Fargo police department. She pled guilty and was sentenced in September 2017 to serve ninety days of a one-year jail term with credit for time served. She completed her sentence on November 30, 2017.
[¶ 3] In August 2017, shortly after J.B.'s birth, Cass County Social Services removed J.B. from the custody of J.G. and N.B. In September 2017, J.B. was released to N.B.'s physical custody under court order. In October 2017, Social Services petitioned the juvenile court to find J.B. was a deprived child. J.G. was serving her sentence at that time. On November 30, 2017, the court held a trial, during which social workers from Cass County Social Services and Grand Forks County Social Services testified. The court also received as evidence copies of J.G.'s 2017 criminal judgment for failing to register as an offender against children, the 2014 amended information for four felony counts of child neglect or abuse, and the 2016 findings and *789 order terminating her parental rights to her two previous children.
[¶ 4] In December 2017, the juvenile court issued its findings of fact and an order. The court found J.B. was in need of treatment or rehabilitation as a deprived child, granted legal custody to Cass County Social Services for a period of nine months, and granted physical custody to N.B. conditioned on J.G.'s not residing in the home until approved by Cass County Social Services. The court also ordered N.B. and J.G. to cooperate with a treatment plan that Cass County Social Services developed for the family to meet the needs of the child.
II
[¶ 5] Under N.D.C.C. § 27-20-03(1)(a), the juvenile court has exclusive jurisdiction over "[p]roceedings in which a child is alleged to be ... deprived." This Court has recently reiterated the standard of review for a juvenile court decision:
A juvenile court's findings of fact should not be set aside, unless clearly erroneous. In re T.T. , 2004 ND 138, ¶ 5, 681 N.W.2d 779. "A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law." Akerlind v. Buck , 2003 ND 169, ¶ 7, 671 N.W.2d 256. "On appeal, we review the files, records, and minutes or the transcript of the evidence, and we give appreciable weight to the findings of the juvenile court." In re B.B. , 2010 ND 9, ¶ 5, 777 N.W.2d 350 (citation and quotation marks omitted). Further, this Court gives due regard to the trial court's opportunity to judge the credibility of the witnesses. N.D.R.Civ.P. 52(a)(6).
Interest of P.T.D. , 2018 ND 97, ¶ 5, 909 N.W.2d 692 (quoting Interest of J.A.H. , 2014 ND 196, ¶ 7, 855 N.W.2d 394 ).
III
[¶ 6] Both N.B. and J.G. argue the juvenile court erred in finding clear and convincing evidence exists to support a finding that J.B. was deprived.
[¶ 7] Under N.D.C.C. § 27-20-30, when the juvenile court finds a child to be deprived, the court may "temporarily transfer legal custody of the child to the agency or person best suited to the protection and welfare of the child." J.A.H. , 2014 ND 196, ¶ 8, 855 N.W.2d 394. Specifically, the court may "transfer temporary legal custody to ... [t]he director of the county social service board or other public agency authorized by law to receive and provide care for the child." N.D.C.C. § 27-20-30(1)(b)(2).
[¶ 8] A "deprived child" means a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian[.]" N.D.C.C. § 27-20-02(8)(a). "As used in N.D.C.C. § 27-20-02(8)(a), the phrase 'proper parental care' means the 'minimum standards of care which the community will tolerate.' " In re J.R. , 2002 ND 78, ¶ 9, 643 N.W.2d 699 ; see also J.A.H. , 2014 ND 196, ¶ 8, 855 N.W.2d 394.
[¶ 9] "The definition of a deprived child is broad enough to encompass a child whose parent, while never having had the opportunity to care for the child, is shown to be presently incapable of providing proper parental care for the child."
*790 Interest of K.B. , 2011 ND 152, ¶ 11, 801 N.W.2d 416 (quoting Interest of T.J.O. , 462 N.W.2d 631, 633 (N.D. 1990) ). Additionally, "[p]arental cooperation is pertinent to determining whether deprivation will continue." P.T.D. , 2018 ND 97, ¶ 4, 909 N.W.2d 692. "The juvenile court may consider a parent's pattern of behavior and whether a parent's conduct demonstrates a serious indifference towards parental responsibilities and obligations." Id. The court's finding of deprivation must be supported by clear and convincing evidence. Interest of T.T. , 2004 ND 138, ¶ 5, 681 N.W.2d 779.
[¶ 10] J.G. argues the State offered no proof that her child, J.B., meets the definition of a "deprived child" under N.D.C.C. § 27-20-02(8)(a). She contends she should not be subject to having a child removed simply because of her past actions and history with child protection. She asserts the father, N.B., has no prior child protection history and no evidence exists to allow J.B. to be removed from the care of N.B. She also contends that, although N.D.C.C. § 27-20-32.2(1) requires Social Services to undertake "reasonable efforts" to prevent removal of a child from the family, N.D.C.C. § 27-20-32.2(4)(b) does not require "reasonable efforts" to reunify the family when a parent's rights have been involuntarily terminated with respect to another child of the parent. She argues that if this Court does not overrule the juvenile court, the State would be able to remove any child solely because of a prior involuntary termination.
[¶ 11] N.B. similarly argues the juvenile court erred in finding that clear and convincing evidence supports a finding of deprivation, because none of the petition's allegations or the court's findings were about J.B., the child at issue. Relying on Interest of R.S. , 2010 ND 147, 787 N.W.2d 277, he argues the record, findings, and petition lack any actual allegation or proof of harm to J.B. He contends the court's deprivation finding cannot stand because the child has not actually lacked proper parental care or control and the only referenced allegation of the "possibility of harm" is based on the mother's prior treatment of her other children.
[¶ 12] In Interest of R.S. , 2010 ND 147, ¶ 17, 787 N.W.2d 277, a majority of this Court held that the juvenile court erred in finding clear and convincing evidence that R.S. was a deprived child. R.S. was a one-year-old child whose seventeen-year-old mother, A.D.S., had been placed in the custody of social services and lived with her father in Fargo. Id. at ¶ 2. A.D.S. left her father's home with R.S. and failed to inform social services of their location. Id . Police later found them at the home of A.D.S.'s mother's boyfriend in East Grand Forks, Minnesota. Id . In reversing the order for disposition, this Court held N.D.C.C. § 27-20-02(8)(a) does not provide that a child is deprived based on "a future possibility of harm where the child has not actually lacked proper parental care or control." Id. at ¶ 16. This Court explained that the evidence had only "established social services feared A.D.S.'s behavior and decision-making would ultimately deprive R.S. of proper parental care and control" and the evidentiary hearing "focused upon A.D.S.'s decision-making rather than whether those decisions were presently depriving R.S. of proper parental care and control." Id.
[¶ 13] Unlike Interest of R.S. , however, this case involves a newborn about to be in the custody of a mother who had been convicted of felony child neglect or abuse and whose rights to two other biological children had been involuntarily terminated almost fifteen months earlier, and a father who apparently was not concerned with the mother's ability to provide proper parental care. We believe the evidence here *791 goes beyond the lack of evidence discussed in the R.S. case and demonstrates a present lack of proper parental care and control.
[¶ 14] Here, the juvenile court received evidence that J.G.'s failure to follow her probation requirements led to an additional ninety-day jail sentence and evidence from Grand Forks County social workers about her prior child protection concerns and level of physical and emotional abuse and neglect. The court heard testimony about J.G.'s denials of her participation and involvement in the prior abuse, despite prior proceedings finding otherwise, and about her history of non-cooperation in services. The court also received evidence specifically establishing the father admitted that he knew of J.G's prior involuntary termination of parental rights, that he has familial ties to that situation, and that he asserted he wanted to continue the relationship with the mother and to parent J.B. with her.
[¶ 15] We have said that the "primary purpose of N.D.C.C. ch. 27-20 is to protect the welfare of children." K.B. , 2011 ND 152, ¶ 16, 801 N.W.2d 416. This Court has explained that "a court 'need not await the happening of a tragic event' to protect a child, particularly when a sibling has been found to be deprived." Id. (citations omitted). "[C]ourts have held that 'abuse of one child is relevant to the care a parent will provide to other siblings.' " Id. at ¶ 17 (quoting In re L.B. , 416 N.W.2d 598, 599 (S.D. 1987) ). We have also said that "a juvenile court need not operate in a vacuum and may take judicial notice of orders in other proceedings." T.T. , 2004 ND 138, ¶ 10, 681 N.W.2d 779.
[¶ 16] Although future termination proceedings remain a possibility, the juvenile court's deprivation finding here allows for the continued involvement of Social Services with access to the parents and child in providing a treatment plan. Generally, "[a]n order finding a child deprived and temporarily transferring custody of the child is not res judicata for purposes of determining whether the child is a deprived child in [subsequent] proceedings to terminate parental rights." K.B. , 2011 ND 152, ¶ 13, 801 N.W.2d 416 (quoting Interest of K.S. , 2002 ND 164, ¶ 9, 652 N.W.2d 341 ). Moreover, despite J.G.'s concern that "reasonable efforts" to reunify the family may not be required, the testimony shows Social Services was in fact trying to provide services to the parents at the time of the hearing.
[¶ 17] In its order the juvenile court made sufficient findings regarding J.G.'s extensive prior child protection history, her four felony child neglect and abuse convictions, the termination of her parental rights to two other children, and her incarceration for failing to register as an offender against children. The court found J.G. has failed to accept responsibility for her prior criminal acts against children, does not demonstrate an understanding of the impact and consequences of her prior criminal acts, and continues to be required to register as an offender against children after being released from incarceration. The court also specifically found that despite evidence of his knowledge of J.G.'s history, N.B. plans to continue his relationship with J.G. and to parent the infant child with her. On this record we conclude that clear and convincing evidence supports the court's finding that J.B. is without proper parental care or control.
[¶ 18] On these facts and circumstances, we conclude clear and convincing evidence supports the juvenile court's finding that J.B. is a deprived child under N.D.C.C. § 27-20-02(8)(a).
IV
[¶ 19] The order is affirmed.
[¶ 20] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
I concur in the result.
Gerald W. VandeWalle, C.J.