# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 58

In the Interest of T.H., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| T.H., Child; | |
| C.H., Father; and | |
| Sharla Price, Guardian ad Litem; | Respondents |
| and | |
| A.S., Mother; | Respondent and Appellant |

## No. 20220027

In the Interest of A.H., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| A.H., Child; | |
| C.H., Father; and | |
| Sharla Price, Guardian ad Litem, | Respondents |
| and | |
| A.S., Mother, | Respondent and Appellant |

## No. 20220028

In the Interest of N.S., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| N.S., Child; | |
| I.S., Father; and | |
| Sharla Price, Guardian ad Litem, | Respondents |
| and | |
| A.S., Mother, | Respondent and Appellant |

No. 20220029

In the Interest of M.S., a child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| M.S., Child; | |
| I.S., Father; and | |
| Sharla Price, Guardian ad Litem, | Respondents |
| and | |
| A.S., Mother, | Respondent and Appellant |

No. 20220030

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Per Curiam.

Mary E. Melech, Special Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; submitted on brief.

Justin M. Balzer, Bismarck, ND, for respondent and appellant; submitted on brief.

# Interest of T.H., A.H., N.S., and M.S.
## No. 20220027-20220030

**Per Curiam.**

[¶1]   A.S., the mother, appealed from juvenile court orders terminating her parental rights to her children, T.H., A.H., N.S., and M.S. The mother argues the juvenile court erred by finding there was clear and convincing evidence the children are in need of protection and the need for protection is likely to continue.

[¶2]   The juvenile court found the children are in need of protection and there is clear and convincing evidence the conditions and causes of the need for protection are likely to continue or will not be remedied and for that reason the children are suffering or will probably suffer serious physical, mental, moral, or emotional harm. The juvenile court also found the children had been in foster care for at least 450 out of the previous 660 nights. *See* N.D.C.C. § 27-20.3-20(1)(c) (stating the court may terminate parental rights if the child is in need of protection and the court finds that the conditions and causes of the need for protection are likely to continue or that the child has been in foster care for at least 450 out of the previous 660 nights). We conclude the court's findings are supported by clear and convincing evidence and are not clearly erroneous. *See In re A.L.E.*, 2018 ND 257, ¶ 4, 920 N.W.2d 461 (stating the elements required for termination of parental rights must be established by clear and convincing evidence and the court's findings are reviewed under the clearly erroneous standard of review). We also conclude the court did not abuse its discretion when it terminated the mother's parental rights. *See In re B.H.*, 2018 ND 178, ¶ 4, 915 N.W.2d 668 (stating the juvenile court has discretion in deciding whether termination of parental rights would promote the children's welfare when the petitioner has met its burden).

[¶3]   We summarily affirm the orders under N.D.R.App.P. 35.1(a)(2) and (4).

1

[¶4] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte